Adrian Scott WILLIAMS, Plaintiff-Appellant,†

v.

RACINE COUNTY CIRCUIT COURT, Defendant-
Respondent.

Court of Appeals

*No. 94–2930. Submitted on briefs July 28, 1995.—Decided
October 25, 1995.*

(Also reported in 541 N.W.2d 514.)

† Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the brief of Adrian S. Williams, pro se.

*See Callaghan's Wisconsin Digest, same topic and section number.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *James H. McDermott*, assistant attorney general.

Before Brown, Nettesheim and Snyder, JJ.

SNYDER, J.   Adrian Scott Williams appeals from an order denying his petition for a name change. On appeal, Williams argues that he was denied equal protection under the law, that his right to religious freedom was violated, that the trial court erred when it assigned Williams the burden to show sufficient cause for the name change, and that the trial court abused its discretion in denying his motion. Because we conclude that Williams' equal protection and religious freedom arguments are unfounded, and that the court properly exercised its discretion in determining that the State has a legitimate interest in knowing Williams by his current name, we affirm.

Williams is an inmate in the Racine Correctional Institution. He filed a petition for a name change seeking to legally acquire the name "Romanceo Sir Tasty Maxibillion." The trial court, without a hearing, dismissed Williams' petition on the grounds that it failed to state a reasonable basis for the change.[1] Williams appealed. In a summary disposition pursuant to RULE 809.21, STATS., we reversed and remanded, concluding that the trial court erred when it denied Williams a hearing.

On remand, the court conducted a telephonic hearing, and Williams was allowed to present his reasons for the requested name change. Those reasons included "[s]piritual, [m]otivational, [s]entimental, [b]usiness

---

[1] The first dismissal was not before Judge Dennis J. Flynn.

and professional reasons." After hearing Williams' petition, the court held that the State had a legitimate interest in knowing Williams by his convicted name and denied the petition. This appeal followed.

The standard of review applied to a trial court's order of dismissal is limited to whether there has been a misuse of discretion. *State ex rel. Cynthia M.S. v. Michael F.C.*, 181 Wis. 2d 618, 624, 511 N.W.2d 868, 871 (1994). A trial court's exercise of discretion will be upheld if the record shows that "there is a reasonable basis for the court's determination." *Id.* "While the discretion which may be exercised by a trial judge in refusing a change of name is limited, to the extent that it is properly used it must be based on the underpinnings of the facts of the case and upon reasonable proof." *Kruzel v. Podell*, 67 Wis. 2d 138, 154, 226 N.W.2d 458, 466 (1975). Unsupported generalizations will not be considered sufficient cause for the refusal of a name change. *Id.*

Section 786.36, STATS., states in relevant part:

> Any resident of this state, whether a minor or adult, may upon petition to the circuit court of the county where he or she resides and upon filing a copy of the notice . . . if no sufficient cause is shown to the contrary, have his or her name changed or established by order of the court.

Only two groups require special consideration: minors under the age of fourteen and members of state-regulated professions. *See id.* In those two instances, a name change is not precluded, but there are separate procedures and standards which apply. *See id.*

■

The statutory language "if no sufficient cause is shown to the contrary" allows the court to determine whether there is a legitimate reason to deny a petitioner's request for the change. *See id.* It is within the discretion of the court to decide whether an offered reason is sufficient cause to deny the petition. However, this discretion is narrow, and the name change will be granted *unless* sufficient cause is shown to the contrary. *Kruzel*, 67 Wis. 2d at 153, 226 N.W.2d at 465.

■

After conducting a hearing, the trial court found that the State has a legitimate interest in identifying Williams as "Adrian Scott Williams," both during his incarceration and while on parole. The court noted:

> The State . . . has a legitimate interest in being able to identify and identify quickly those persons both within prison and on parole who have been convicted of serious crimes. Certainly four armed robberies and four armed burglaries . . . would trigger a need for the State to be able to identify the person who had committed those offenses and was in prison.
>
> . . . And there would be a need that the State would have to have an ability to know who the persons are who would be released, and then move into the neighborhoods of communities about the state so that they would know that such a convicted person—again four armed robberies, four armed burglaries—was living in the area . . . .
>
> . . . .
>
> . . . When a name is changed that frustrates, impedes and otherwise limits the ability of the State to know where that person is located.

The court then found that the State has a legitimate interest in knowing the identity of Williams as "Adrian Scott Williams." We conclude that the trial court properly exercised its discretion in determining that the State's legitimate need to identify Williams by his current name constituted sufficient cause under § 786.36, STATS., to deny Williams' petition.[2]

Williams argues that in denying his requested name change, he was denied equal protection under the law as required by the Fourteenth Amendment. He further contends that his protected right to religious freedom has been violated. In support of this, he cites "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier,* 417 U.S. 817, 822 (1974).

Williams has no positive right to a name change. The fact that others have changed their names, or that one of his stated reasons for seeking the name change is religious in nature, does not create an affirmative right to the name change. Religious motivations on the

---

[2] Williams argues that the trial court misconstrued § 786.36, STATS., by stating that the burden was on Williams to show sufficient cause in favor of his petition for a name change, rather than placing the burden on an objecting third party. *See id.* An appellate court will affirm the trial court if it reaches the correct result, even if it does so for the wrong reason. *State v. Amrine,* 157 Wis. 2d 778, 783, 460 N.W.2d 826, 828 (Ct. App. 1990). While the court stated that Williams had not demonstrated sufficient cause for the court to grant his motion, the court had already detailed the negative impact of the name change on law enforcement and the State's interest in continuing to know Williams by his convicted name. In its holding, the court stated, "[T]he interest of the State prevails under the facts of this case. Mr. Williams as a convicted felon is dangerous."

part of a petitioner do not alter the manner in which § 786.36, STATS., is applied.

The denial of Williams' petition by the court was a discretionary decision based on the State's legitimate interest in continuing to identify Williams by the name under which he was convicted. The court found this to be "sufficient cause" to deny Williams' petition. *See* § 786.36, STATS. We conclude that the court properly exercised its discretion, and consequently, we affirm.

*By the Court.*—Order affirmed.