STATE of Wisconsin, Plaintiff-Respondent,

v.

John D. TIGGS, Jr., Defendant-Appellant.†

Court of Appeals

*No. 01–2685–CR. Submitted on briefs April 19, 2002.—Decided June 19, 2002.*

2002 WI App 181

(Also reported in 649 N.W.2d 709.)

† Petition to review denied 9-3-02.

On behalf of the defendant-appellant, the cause was submitted on the brief of *John D. Tiggs, Jr.*, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael E. Nieskes*, deputy district attorney, and *Robert S. Flancher*, district attorney.

Before Nettesheim, P.J., Brown and Anderson, JJ.

¶ 1. BROWN, J.    John D. Tiggs, Jr. appeals from an order denying his motion to change a judgment of conviction to reflect his legal name, Akinbo Jihad Suru Hashim, rather than his given name. He asserts that he has a "positive right" to the use of his legal name and therefore a legal right to change the legal document. We hold that whether there is a positive right to the use of his legal name on a legal document depends on the facts of each case. For the reasons that follow, Tiggs has forfeited any positive right he may have had to use his legal name based on his own actions and inaction. We therefore affirm the trial court order.

¶ 2.    On March 3, 1998, a complaint was filed charging this defendant under the name of John D. Tiggs, Jr. with misdemeanor battery of a prisoner as a habitual offender. Throughout the proceedings, which took over a year, Tiggs never complained to the court that the charging documents called him by the wrong name. In fact, two documents in the record show that Tiggs, while proceeding pro se, brought motions before the trial court under the name Tiggs, Jr. and were signed by him under that name. He was convicted on May 19, 1999, and sentenced to serve six months in

740

prison consecutive to time he was serving on another conviction.

¶ 3.   After his postconviction motion, he continued to use the Tiggs name. It was not until March 9, 2000, almost two years after his conviction, that he filed a postconviction motion asking for the name change in the document. In this motion, he asserted that, due to his religious beliefs, his name had been changed to the Hashim name. Attached to the motion was a document purporting to be from the District Court of Leavenworth County, Kansas, dated October 31, 1990, decreeing that the name of John David Tiggs, Jr. be changed to Akinbo Jihad Suru Hashim. Tiggs argued before the trial court that since his legal name was Hashim, he had a positive right to have his judgment of conviction changed to reflect that name. He asserted that he was being disciplined by the Department of Corrections for using the Hashim name and appeared to contend that a name change on the official conviction would inure to his benefit in his disciplinary problems with the prison authorities.

¶ 4.   The trial court denied the motion on two grounds. First, Tiggs never raised the issue when the case was pending before the court. The court held that if Tiggs wanted his legal name used during the criminal proceedings, he had ample opportunity to bring the matter up. Now, it was too late. The court commented that had the motion been timely made, "it could have been dealt with."

¶ 5.   Second, the trial court appeared to take judicial notice of the CCAP record showing that from 1997 to the present, Tiggs had filed ten civil cases under his given name and none under his legal name. The court also noted that Tiggs' own pro se motions since the time

741

that the action was commenced, pre- and postconviction, were filed under the Tiggs name.

¶ 6.  Given the facts presented, the trial court concluded that if the motion were granted, it would create much confusion within the court system, the criminal justice system and the Department of Corrections, especially if that person were later placed on parole or supervision. The court was concerned that if a prisoner could bring a motion to change a legal document subsequent to conviction, it could also open the door to fraud. This would pose a difficulty for law enforcement officials and probation and parole officials.

¶ 7.  We agree with the trial court. We note that we have previously written on the subject of name changes by prisoners. In *Williams v. Racine County Circuit Court*, 197 Wis. 2d 841, 541 N.W.2d 514 (Ct. App. 1995), a prisoner sought to change his legal name pursuant to WIS. STAT. § 786.36 (1993–1994),[1] the statute detailing the procedure for a Wisconsin resident to legally change his or her name. The trial court cited that part of the statute which says that the name change will be allowed "if no sufficient cause is shown to the contrary" and denied the change. *Williams*, 197 Wis. 2d at 845. It noted Williams' long criminal history and reasoned that the change would harm law enforcement's ability to locate and identify him. *Id*. Williams appealed. He claimed that he had a right to change his name for religious reasons and that the denial was a constitutional violation. We affirmed, holding that Williams had "no positive right" to a name change. *Id*. at 846.

_____
[1] The relevant language of the current version of WIS. STAT. § 786.36 (1999–2000) is substantially unchanged. All other references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

¶ 8.   We agree with Tiggs that *Williams* is distinguishable. Williams wanted to change his legal name. Here, Tiggs has already changed his legal name. Tiggs claims that once he has done this, he has a positive right to use it.

¶ 9.   We agree with Tiggs that once he has changed his legal name, he has a positive right to be called by that name. But he may also, by conduct, forfeit that right. If he calls himself by some other name, he has announced to the world that he goes by that other name and others then have the right not only to call him by that other name, but to create and file documents under that name. Tiggs had the initial control after the name change to dictate what name he was going to be called, but he relinquished that control. He cannot now assert control on a haphazard basis whenever he wants to and assume that every entity must accede to his wishes. As the trial court properly noted, to rule for Tiggs would be to allow him an avenue to manipulate the criminal justice system at his will. That cannot be allowed or condoned.

¶ 10.   We conclude that a legal name change gives a person a positive right to use that new name. We hold, however, that the positive right may be relinquished by the person's conduct in the carrying of his or her name. Tiggs forfeited his right.

*By the Court.*—Order affirmed.