COURT OF APPEALS
DECISION
DATED AND FILED

April 23, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP2095**

STATE OF WISCONSIN

Cir. Ct. No. 2025CV432

IN COURT OF APPEALS
DISTRICT IV

KRISTOPHER PAUL TORGERSON,

   PETITIONER-APPELLANT,

 V.

CIRCUIT COURT FOR DODGE COUNTY,
THE HONORABLE BRIAN A. PFITZINGER, PRESIDING,

   RESPONDENT.

APPEAL from an order of the circuit court for Dodge County: BRIAN A. PFITZINGER, Judge. *Affirmed*.

Before Graham, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Kristopher Paul Torgerson, pro se, appeals an order of the circuit court denying his petition for a name change brought under WIS. STAT. § 786.36 (2023-24).[1]  Torgerson argues that the court erroneously exercised its discretion in denying his petition and that the denial violated his constitutional rights.  We reject Torgerson's arguments, and, therefore, we affirm.

## BACKGROUND

¶2     Torgerson, an inmate under the supervision of the Department of Corrections (DOC), filed a petition to change his name to Kristopher Elias Johan Torgersen.  Torgerson attached a series of documents to the petition.  One attached document was a "Declaration" in which Torgerson stated that he sought to change his name based on "personal, spiritual, and safety-related reasons, including ongoing defamation, reputational harm, and past unauthorized disclosure of sealed records."[2]  Torgerson also stated that his proposed new name would "not interfere with the Department of Corrections' ability to monitor or supervise [him] under [his] assigned DOC number."

¶3     In the circuit court's written order denying the name change petition, the court stated:

> Wisconsin courts have held that the State's interest in being able to identify inmates by the names under which they were convicted and sentenced generally outweighs the inmate's interest in changing his name.  *See **Williams v. Racine County Circuit Court***, 197 Wis. 2d 841, 541 N.W.2d 514 (Ct. App. 1995).  This applies even when the

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  Torgerson purported to submit the Declaration pursuant to "WIS. STAT. § 301.47(2)(c)."  However, this statutory paragraph does not exist.

inmate wishes to change his name for religious reasons. This Court agrees.

Torgerson appeals.

## DISCUSSION

¶4      WISCONSIN STAT. § 786.36 states, in relevant part, that "any resident of this state … upon petition to the circuit court … *may, if no sufficient cause is shown to the contrary*, have his or her name changed or established by order of the court." § 786.36(1) (emphasis added). The emphasized language affords courts discretion "to determine whether there is a legitimate reason to deny a petitioner's request for the change" based on the facts of the case and reasonable proof. *See Williams*, 197 Wis. 2d at 845.

¶5      The standard of review we apply to a circuit court's order dismissing a statutory petition for a legal name change "is limited to whether there has been a misuse of discretion." *Id.* at 844; *see State v. C.G.*, 2022 WI 60, ¶85, 403 Wis. 2d 229, 976 N.W.2d 318 ("[T]he decision of whether to grant a statutory petition for a legal name change has been committed to the sound discretion of the court."). This discretionary decision "will be upheld if the record shows that 'there is a reasonable basis for the court's determination.'" *Williams*, 197 Wis. 2d at 844 (quoted source omitted). "'[W]e generally look for reasons to sustain discretionary determinations.'" *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶8, 282 Wis. 2d 46, 698 N.W.2d 610 (quoted source omitted). In contrast, a procedural due process or related constitutional challenge presents an issue of law that this court reviews de novo. *See State v. Sorenson*, 2002 WI 78, ¶25, 254 Wis. 2d 54, 646 N.W.2d 354.

¶6     Here, Torgerson cited "personal, spiritual, and safety-related reasons" as the basis for his name change. The circuit court pointed to the State's interest in identifying Torgerson by the name under which he was convicted as its basis for denying the petition. We conclude that it was reasonable for the court to determine that the State's interest in being able to identify Torgerson by the name under which he was convicted is "a legitimate reason," *Williams*, 197 Wis. 2d at 845, or, in the words of the statute, "sufficient cause" to deny the petition. *See* WIS. STAT. § 786.36(1). We reject Torgerson's arguments to the contrary for the following reasons.

¶7     Torgerson argues that the circuit court erred in denying the name change petition because Torgerson complied with statutory requirements. Specifically, Torgerson asserts that the legislature created a specific process in WIS. STAT. § 301.47 for name changes for incarcerated persons. However, that statute generally prohibits certain sexual offenders from changing their names. It does not deprive a circuit court of its authority under WIS. STAT. § 786.36(1) to determine whether there is a legitimate reason to deny a name change petition when the petitioner is an incarcerated person. *See Williams*, 197 Wis. 2d at 845.[3]

---

[3] Torgerson also asserts that he "met every statutory requirement" by stating a "good faith purpose" for his name change petition, denying any "fraudulent intent," and claiming that it would be administratively feasible for the DOC. But, Torgerson does not develop this series of assertions into an argument that is supported by relevant legal authority; nor does he provide factual support for his claim of administrative feasibility. For these reasons, we reject his assertions as undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Moreover, while these assertions could support a conclusion that Torgerson's requested name change is not problematic in various respects, they do not address the issue of whether the circuit court's rationale for denying the petition was an erroneous exercise of discretion.

¶8      Torgerson also asserts that the DOC routinely accommodates other name changes for such reasons as marriage, divorce, religion, and gender transition, without taking the position that these changes compromise security. However, Torgerson points to no evidence in the record for this assertion. Nor does he explain how, assuming for a moment that he had shown that the DOC routinely accommodates name changes for inmates in various contexts, this means that the circuit court here erroneously exercised its discretion when it determined that the State has a legitimate interest in identifying Torgerson by the name under which he was convicted. *See id.* at 847 (concluding that the circuit court properly exercised its discretion when it denied a name change petition "based on the State's legitimate interest in continuing to identify Williams by the name under which he was convicted").

¶9      Torgerson argues that a circuit court may deny a name change petition only if there is a "fraudulent or wrongful purpose," and he cites ***Williams*** in support of this proposition. However, this statement is not found in ***Williams***. Rather, as explained above, in ***Williams***, this court affirmed the denial of an inmate's name change petition due to the State's "legitimate interest in continuing to identify [the petitioner] by the name under which he was convicted." ***Id.*** Alternatively, Torgerson argues that the circuit court here improperly relied on ***Williams*** because that case involved different facts and "predates … Wisconsin's increased emphasis on rehabilitation and reentry success." However, Torgerson does not support his purported factual distinctions with citations to ***Williams***, and ***Williams*** is controlling law. *See **Cook v. Cook***, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997) ("[O]nly the supreme court ... has the power to overrule, modify or withdraw language from a published opinion of the court of appeals.").

¶10 Torgerson asserts that the circuit court's denial of his name change petition violates equal protection, his right to free expression, and due process. However, Torgerson fails to support these assertions with citation to evidence in the record or to relevant legal authority. In support of his assertion that the denial of the name change violates his constitutional right of expression, Torgerson cites *Wooley v. Maynard*, 430 U.S. 705 (1977). Torgerson's reliance on *Wooley* is misplaced. In *Wooley*, the United States Supreme Court held that the State of New Hampshire could not require the appellants to display the state motto "Live Free or Die" on their vehicle license plates. *Id.* at 717. In contrast to the case before us, *Wooley* did not address whether a court's denial of a statutorily-provided name change petition implicated an individual's right to expression.

## CONCLUSION

¶11 In sum, Torgerson has not established that the circuit court erroneously exercised its discretion, or acted in a way that violated his constitutional rights, when it denied his name change petition. Accordingly, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

6