CITY OF RACINE, Wisconsin, a municipal corporation, Petitioner-Respondent,

LAND RECLAMATION COMPANY, Intervenor-Respondent,

v.

WASTE FACILITY SITING BOARD, a state agency, Respondent,

TOWN OF MOUNT PLEASANT AND COUNTY OF RACINE, Intervenors,

R.A.T.E., a local citizens group, Intervenor-Appellant.

Supreme Court

*No. 96–0688. Oral argument November 19, 1997.—Decided March 19, 1998.*

(Also reported in 575 N.W.2d 712.)

617

For the intervenor-appellant there was a brief by *Patrick J. Hudec, Gabrielle Boehm* and *Hudec Law Offices, S.C.*, East Troy, and oral argument by *Patrick J. Hudec.*

For the petitioner-respondent there was a brief and oral argument by *Daniel P. Wright*, city attorney, Racine.

For the Intervenor-Respondent, Land Reclamation Company, there was a brief (in the court of appeals) by *Bradley D. Jackson* and *Foley & Lardner*, Madison and oral argument by *Bradley D. Jackson.*

¶ 1. WILLIAM A. BABLITCH, J. Residents Against Trash Expansion (RATE) appeals a circuit court decision granting summary judgment to the City of Racine (City). The circuit court held that RATE's failure to file a notice of claim with the City, pursuant to Wis. Stat. § 893.80(1)(b) (reprinted below),[1] prior to RATE's counterclaim against the City, required dis-

[1] All references to Wisconsin Statutes are to the 1993–94 version unless otherwise indicated.

**Wis. Stat. § 893.80(1) Claims against governmental bodies or officers, agents or employes; notice of injury; limitation of damages and suits. (1)** Except as provided in subs. (1m) and (1p), no action may be brought or maintained against any. . .governmental subdivision. . .upon a claim or cause of action unless: . . .

(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the. . .governmental subdivision. . . . Failure to give the requisite notice shall not bar action on the claim if the. . .subdivision. . .had actual notice of the claim and the claimant shows to the satisfaction of the court that

618

missal of RATE's counterclaim. We agree. The plain language of the statute and case law dictate that compliance with § 893.80(1)(b) is a necessary prerequisite to all actions, including counterclaims, brought against governmental subdivisions. Other statutes provide some exceptions to the application of § 893.80(1)(b), but we are not persuaded that this case presents one of the exceptions. Accordingly, we affirm.

¶ 2. The relevant facts for purposes of this appeal are not in dispute. This case focuses on the proposed expansion of a private landfill in the City, an expansion supported by the City. During the course of negotiating expansion of the landfill, the Waste Facility Siting Board (Board) disqualified the City's representatives on the local siting committee. The Board is a state agency which generally oversees negotiation and arbitration for new or expanded solid and hazardous waste facilities. *See* Wis. Stat. § 144.445. The local siting committee, made up of members of municipalities affected by the proposed landfill expansion, negotiates with the landfill company regarding proposed expansions. *See* Wis. Stat. § 144.445(7).

the delay or failure to give the requisite notice has not been prejudicial to the defendant. . .subdivision. . .; and

(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant. . .[governmental] subdivision. . .and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance. Notice of disallowance shall be served on the claimant by registered or certified mail and the receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service. No action on a claim against any defendant. . .subdivision. . .may be brought after 6 months from the date of service of the notice, and the notice shall contain a statement to that effect.

¶ 3. The City disagreed with the Board's decision and filed this action for circuit court review. At that point, RATE, a local citizens group, successfully intervened as a defendant. RATE then filed a counterclaim against the City and a cross-claim, asking for declaratory relief to keep the City's representatives off the local siting committee. The circuit court granted the City's motion for summary judgment against RATE because RATE failed to comply with the notice of claim requirements of Wis. Stat. § 893.80(1)(b).

¶ 4. RATE appealed the circuit court order granting the City's summary judgment motion. Pursuant to Wis. Stat. § (Rule) 809.61, the court of appeals certified to this court the issue of whether compliance with Wis. Stat. § 893.80, notice of claim, is a necessary prerequisite to a counterclaim for declaratory relief against a municipality by an intervening or involuntary party. We conclude that compliance with § 893.80(1)(b) is a necessary prerequisite to all actions brought against the entities listed in the statute, including governmental subdivisions, whether a tort or non-tort action, and whether brought as an initial claim, counterclaim or cross-claim. Except as provided by statute or case law interpreting those statutes, a party must file a notice of claim and follow the statutory procedures set forth in § 893.80(1)(b) before bringing any action against a governmental subdivision.

¶ 5. In reviewing an order granting summary judgment, we apply the same methodology employed by the circuit court. *See Doe v. Archdiocese of Milwaukee*, 211 Wis. 2d 312, 332, 565 N.W.2d 94 (1997). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Wis. Stat.

§ 802.08(2). Whether the moving party in this case, the City, is entitled to judgment as a matter of law depends on our interpretation of Wis. Stat. § 893.80(1)(b). Because we determine as a matter of law that giving the City a notice of claim under § 893.80(1)(b) is a prerequisite to RATE's counterclaim and cross-claim, we hold that summary judgment in favor of the City was appropriate in this case.

¶ 6. A question of statutory interpretation is a question of law which this court reviews de novo. *See Lake City Corp. v. City of Mequon,* 207 Wis. 2d 156, 162–63, 558 N.W.2d 100 (1997). The goal of statutory interpretation is to ascertain the legislature's intent. *See Stockbridge School Dist. v. DPI,* 202 Wis. 2d 214, 219, 550 N.W.2d 96 (1996). The main source for statutory interpretation is the plain language of the statute itself. *See Jungbluth v. Hometown, Inc.,* 201 Wis. 2d 320, 327, 548 N.W.2d 519 (1996). If the plain language is clear, we may not look beyond the language of the statute to ascertain its meaning. *See Lake City Corp.,* 207 Wis. 2d at 164 (citing *Stockbridge School Dist.,* 202 Wis. 2d at 220).

¶ 7. Wisconsin Stat. § 893.80(1) provides that "no action" may be brought against a governmental subdivision, such as a municipality, unless a claimant provides the governmental subdivision with "[a] claim containing the address of the claimant and an itemized statement of the relief sought. . . ." § 893.80(1)(b).[2] A

---

[2] The claimant must also present the governmental entity with a "written notice of circumstances of the claim. . . ." before filing an action. *See* Wis. Stat. § 893.80(1)(a). In the present case, the circuit court denied the City's motion for summary judgment on the ground that RATE failed to comply with Wis. Stat. § 893.80(1)(a), concluding that the requirement was ade-

claimant cannot file a claim against a governmental subdivision until such subdivision disallows the claim. *See id.* If the governmental subdivision does not disallow the claim, it is considered disallowed after 120 days from filing the notice of claim. *See id.* The purpose of this statute is to provide the governmental subdivision an opportunity to compromise and settle a claim without costly and time-consuming litigation. *See DNR v. City of Waukesha*, 184 Wis. 2d 178, 195, 515 N.W.2d 888 (1994) (citations omitted). The government entity must have enough information "so that it can budget accordingly for either a settlement or litigation." *Id.* at 198; *see also Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 593, 530 N.W.2d 16 (Ct. App. 1995).

¶ 8. This court recently held that Wis. Stat. § 893.80(1) "applies to all causes of action, not just those in tort and not just those for money damages." *Waukesha*, 184 Wis. 2d at 191. In *Waukesha*, this court found that the plain language of the statute dictates that § 893.80(1) applies to all actions: "no action" may be brought against a governmental subdivision unless the claimant complies with the notice requirements of the statute. *See id.*[3]

quately waived by the City's actual knowledge of the facts. Although a claimant must comply with both § 893.80(1)(a) and (b), *see Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 593, 530 N.W.2d 16 (Ct. App. 1995), on appeal the City did not challenge the circuit court's denial of its summary judgment motion for noncompliance with § 893.80(1)(a). Therefore compliance with § 893.80(1)(a) is not before this court.

[3] The dissent asserts at pages 638–39 that after this court's holding in *DNR v. City of Waukesha*, 184 Wis. 2d 178, 515 N.W.2d 888 (1994), we held that that opinion was too broadly written. No such language appears in *State ex rel. Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 547 N.W.2d 578 (1996). In

¶ 9. Although the court need not look beyond the statute if the language is plain, further review of legislative history supports the sound holding of *Waukesha* that the notice of claim requirements apply to "all actions."

¶ 10. Chapter 285, Laws of 1977, legislation which repealed and recreated Wis. Stat. § 895.43, the predecessor to Wis. Stat. § 893.80(1), was meant to consolidate and make uniform the variety of procedural steps necessary for filing a claim against different governmental entities. *See* Prefatory Note, ch. 285, Laws of 1977. The statutes that were consolidated by this 1977 legislation each explicitly provided or had been interpreted to apply to causes of action "when the only relief demandable is a judgment for money. . . ." *See, e.g.*, Wis. Stat. § 59.76 (1975). An early draft of the 1977 statute maintained the application to tort actions and provided, for example, that "no action shall be brought or maintained against a city upon a claim or cause of action *when the only relief demandable is a judgment for money* unless the claimant complies with the provisions of s. 895.43." *See* Drafting Records, § 4, ch. 285, Laws of 1977 (emphasis added).

¶ 11. The final version of ch. 285, Laws of 1977, however, amended each separate notice of claim statute for filing claims against each different type of governmental entity. The legislature deleted any language that limited application of the statute to actions where the only relief demandable was a judgment for money. For example, Wis. Stat. § 62.25(1) was

---

*Auchinleck* this court did say that the holding of *Waukesha* was too broad but only "to the extent it is interpreted as applying to open records and open meetings actions. . . ." 200 Wis. 2d 597. The holding of *Auchinleck* narrowly applies to the statutes at issue in that case.

amended to read: "[n]o action may be brought or maintained against a city upon a claim or cause of action unless the claimant complies with s. 895.43." § 4, ch. 285, Laws of 1977.

¶ 12. Similarly, the Prefatory Note initially provided that Wis. Stat. § 895.43 (now Wis. Stat. § 893.80(1)) applied to actions brought against governmental entities "when the only relief demandable is a judgment for money." This language was deleted in the final version. The Prefatory Note also included a section explaining that the "$25,000 per person liability limitation on local governmental tort liability is broadened to apply to all tort actions brought under s. 895.43. . ." Drafting Records, Prefatory Note, ch. 285, Laws of 1977. This entire section was deleted from the final version of the Prefatory Note.

¶ 13. Also, without any introductory or explanatory comments, the drafting records include numerous pages listing statutes which affect governmental entities. The first was a list of statutes "re tort immunity." The second was a list of statutes "re claims." The statutes in the second list impose liability on governmental entities for actions other than torts. At the very least, these lists indicate that the legislature was aware that the new legislation affected more than tort claims.

¶ 14. Finally, as noted in *Waukesha*, ch. 285, Laws of 1977 changed the statutory language of Wis. Stat. § 895.43 (now Wis. Stat. § 893.80(1)) from "no action founded on tort" may be brought, to "no action" may be brought against a governmental entity without prior notice. It is clear from the plain language, especially as bolstered by the legislative history, that the legislature intended that § 893.80(1)(b) apply to "all causes of action, not just those in tort and not just those for money damages." *Waukesha*, 184 Wis. 2d at 191.

624

¶ 15. Following the *Waukesha* decision, this court created an exception to the application of Wis. Stat. § 893.80(1)(b) for open meetings and open records laws. *See State ex rel. Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 547 N.W.2d 578 (1996). We did so because the specific enforcement provisions of these statutes take precedence over the general notice requirements of § 893.80(1)(b). *See id.* at 596. Under the open records law, a requester may immediately bring a mandamus action seeking release of records if a municipality withholds or delays access to a record. *See* Wis. Stat. § 19.37. Under the open meetings act, a complainant must first file a complaint with the district attorney. *See* Wis. Stat. § 19.97(1). If the district attorney fails to bring an enforcement action within 20 days, the complainant may immediately file suit against the municipality, seeking declaratory or other appropriate relief. *See* Wis. Stat. § 19.97(4). In sharp contrast, the notice of claim provisions of § 893.80(1)(b) require that a complainant wait 120 days after filing a notice of claim or until the municipality disallows the claim to file suit against the municipality. *See* Wis. Stat. § 893.80(1)(b). Faced with seemingly inconsistent statutes, our goal was to ascertain the legislature's intent and construe the legislation accordingly. *See Auchinleck*, 200 Wis. 2d at 594. Having determined that the legislative intent of the open records and open meetings laws conflicted with the intent of § 893.80(1)(b), we followed the cardinal rule of statutory interpretation that a specific statute takes precedence over a general statute. *See id.* at 595–96. Accordingly, in *Auchinleck* we determined that the specific enforcement procedures of the open meetings and open records laws take precedence over the general notice requirements of § 893.80(1). *See id.* at 595–96.

¶ 16. RATE now requests that this court create another exception to application of Wis. Stat. § 893.80(1)(b) for counterclaims for declaratory judgment in cases alleging violations of Wis. Stat. § 144.445, providing for expansion of a landfill. First, RATE asserts that the rationale used in *Auchinleck* to carve out an exception to compliance with § 893.80(1) for open meetings and open records laws applies to this case and many other similar situations. RATE also offers public policy reasons to support its assertion that an exception to § 893.80(1)(b) is required in this case. RATE finally asserts that § 893.80(1)(b) should generally not apply to counterclaims which strike directly at the subject matter of the claim initiated by the City. We will address each of RATE's arguments in turn.

¶ 17. RATE asserts that the rationale used in *Auchinleck* to carve out an exception to compliance with Wis. Stat. § 893.80(1) for open meetings and open records laws applies to this case and many other similar situations. The court of appeals, in *Little Sissabagama v. Town of Edgewater*, 208 Wis. 2d 259, 559 N.W.2d 914 (Ct. App. 1997), found an exception to application of § 893.80(1)(b) because the general notice requirements of § 893.80(1)(b) conflicted with the specific appeals procedure in Wis. Stat. § 70.47(13) (reprinted below)[4] for challenging a county's denial of a request for property tax-exempt status. *See* 208 Wis. 2d at 265–266. In both *Auchinleck* and *Little Sissabagama* specific enforcement provisions of the statutes com-

---

[4] **Wis. Stat. § 70.47(13):** "Certiorari. Except as provided in s. 70.85, appeal from the determination of the board of review shall be by an action for certiorari commenced within 90 days after the taxpayer receives the notice under sub. (12). The action shall be given preference." Wis. Stat. § 70.47(13).

pelled the creation of exceptions to the general notice requirements of § 893.80(1)(b).

¶ 18. RATE has not pointed to specific statutory provisions which would justify carving out yet another exception to Wis. Stat. § 893.80(1)(b) in this case. In fact, RATE states that there is no specific statutory enforcement scheme for alleged violations of Wis. Stat. § 144.445. RATE does point to several specific statutes that include specific enforcement provisions that require filing a claim against a municipality within a time frame shorter than allowed by § 893.80(1)(b). However, these statutes are not at issue in this case. Because there are no specific enforcement procedures inconsistent with § 893.80(1)(b) in this case, the notice requirements of § 893.80(1)(b) must apply.

¶ 19. RATE also offers public policy reasons for finding an exception to the application of Wis. Stat. § 893.80(1)(b). In both *Auchinleck* and *Little Sissabagama*, the courts' determinations that the specific enforcement provisions take precedence over the general notice requirements of § 893.80(1) were supported by public policy. *See Auchinleck* 200 Wis. 2d at 588, 595; *Little Sissabagama*, 208 Wis. 2d at 266. However, as discussed above, there is no specific statutory enforcement procedure in this case. Public policy cannot, on its own, support an exception to compliance with § 893.80(1)(b). If public policy is to prevail, those arguments are best left to the legislature. Having determined that there is no specific enforcement procedure in this case, we decline to address RATE's public policy arguments.

¶ 20. RATE finally argues that Wis. Stat. § 893.80(1)(b) should not apply to counterclaims which strike directly at the subject matter of the claim initi-

ated by the City.[5] RATE argues that the holding in *Milwaukee v. Milwaukee Civic Developments* (*MCD*), 71 Wis. 2d 647, 655, 239 N.W.2d 44 (1976), that notice of claim requirements applied to the counterclaim because it separately and affirmatively demanded money damages, indicates that the notice requirements should not apply in this case where RATE's counterclaim requests declaratory, rather than monetary relief. However, RATE fails to acknowledge the change in legislative language which occurred after *MCD* was decided. As discussed earlier in this opinion, ch. 285, Laws of 1977 changed the scope of application of the notice requirements from only "actions founded on tort" to all actions. Therefore, this court's application of the notice requirements to MCD's counterclaim for money damages, but not to MCD's counterclaims for equitable relief, has been superseded by legislative action.

¶ 21. In sum, we see no alternative under the statute and case law but to affirm the order granting summary judgment to the City and dismissing RATE's counterclaim because RATE failed to comply with the notice requirements of Wis. Stat. § 893.80(1)(b).[6] While we find merit in the utility of RATE's arguments, our

---

[5] At oral argument, counsel for RATE also stated that an issue before the court is the applicability of Wis. Stat. § 893.80 (1)(b) to claims under Wis. Stat. ch. 227, providing for judicial review of administrative actions. We decline to address this issue. Chapter 227 review was not briefed by either party and both the City's and Land Reclamation Company's Petitions for chapter 227 review were dismissed by the circuit court and not appealed.

[6] It is unclear whether the dissent would apply the notice of claim statute, Wis. Stat. § 893.80(1)(b) (1993–94), to all counter-

hands are tied by the plain language of § 893.80(1)(b).
Were we a legislative body, we might limit the notice

claims in addition to the counterclaim RATE filed against the City of Racine.

A counterclaim, especially viewed in context of the purposes of Wis. Stat. § 893.80(1)(b), can and often does have the same effect as an original action. Yet the dissent would have us reject application of § 893.80(1)(b) simply because RATE's "action" carried the label of "counterclaim." This is evidenced by the dissent's concession in its footnote 6 that a counterclaim has characteristics of an action and may be transformed into an "action" within the meaning of § 893.80(1) if the "counterclaim" survives dismissal of the "action." The dissent would allow parties such as RATE to escape the broad command of § 893.80(1)(b) simply because RATE's claim carries a different name - counterclaim. This analysis ignores the policy purposes behind § 893.80(1) - that of giving the governmental entity an opportunity to compromise and settle claims and to plan financially for settlement or litigation.

The dissent's position is particularly troubling in light of the fact that the claims asserted in a counterclaim need not be limited to the issues raised in the initial claim. *See* Wis. Stat. §§ 802.02(1)(a), 802.02(5), 802.07(1), and 803.02. A party could answer a city's lawsuit with a counterclaim, asserting rights that otherwise might be the subject of an independent action and having no connection whatever to the city's initial claim. In fact, "Wisconsin's liberal counterclaim practice gives almost literal truth to the old saw that ' "plaintiff" is just a name for the [person] who reaches the courthouse first.' " Callaghan's Wis Pl & Pr (3rd Ed), § 21.43 at 437 (1992).

The dissent provides no guidance to help circuit courts determine whether a counterclaim must be similar, and if so how similar to the initial claim to avoid the requirements of the notice of claim statute. These practical considerations render application of the dissent's position highly problematic. The dissent's position would breed countless litigation as parties struggle to determine where the line is drawn. The dissent

requirements to tort actions, but we are not such a governmental branch. Our role is to interpret statutes to discern legislative intent. Here, unlike *Auchinleck*, RATE has presented no specific statutory enforcement mechanism which might take precedence over the general notice requirements. Therefore, we hold that compliance with § 893.80(1)(b) is a necessary prerequisite to all actions brought against the entities listed in the statute, including governmental subdivisions, whether a tort or non-tort action, and whether brought as an initial claim, counterclaim or cross-claim. Except as provided by statute or case law interpreting those statutes, a party must file a notice of claim and follow the statutory procedures set forth in § 893.80(1)(b) before bringing any action against a governmental subdivision.

*By the Court.*—The order of the circuit court is affirmed.

¶ 22. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE (dissenting). I dissent because I conclude that Wis. Stat. § 893.80(1)(b) (1993–94)[1] has no application to RATE's counterclaim in this case.[2]

would encourage piecemeal attacks to Wis. Stat. § 893.80(1)(b). If the statute should be changed, as it perhaps should, these efforts should be directed to the legislature where the problem began.

[1] All references to Wisconsin statutes are to the 1993–94 statutes unless otherwise indicated.

[2] RATE's pleading is labeled a counterclaim and cross claim. The majority opinion refers only to the counterclaim. I shall use the same terminology, recognizing that counterclaims and cross claims are different. *See* Wis. Stat. § 802.07.

¶ 23. Let me summarize the undisputed procedural facts to put this case in the proper context. The procedural facts are as follows:

¶ 24. (1) The City of Racine brought an action in circuit court seeking review of, among other decisions, the Waste Facility Siting Board's determination to disqualify four City representatives from sitting on the local siting committee.

¶ 25. (2) RATE intervened in the City's action and filed a counterclaim against the City, seeking a declaratory judgment to disqualify the City's representatives from sitting on the local siting committee.

¶ 26. (3) The Town of Mt. Pleasant also intervened in the City's action, seeking the same relief as that sought by RATE, namely a declaratory judgment affirming the Board's disqualification of the City's representatives from the local siting committee.[3]

¶ 27. (4) The circuit court found that RATE's counterclaim for declaratory judgment sought in essence the same relief as the Town's counterclaim for declaratory judgment.

¶ 28. (5) The City sought summary judgment against RATE and the Town, arguing that each had failed to comply with the notice of claims statute, Wis. Stat. § 893.80(1)(b). The City later conceded that the Town had presented a notice of claim, and the circuit court denied the City's summary judgment motion against the Town.

¶ 29. (6) The circuit court granted the summary judgment motion against RATE for RATE's failure to comply with the notice of claims statute.

---

[3] The Town had appeared at the Board proceedings and sought disqualification of the City representatives from the local siting committee. The Board ruled in favor of the Town.

¶ 30. I conclude from the procedural history that Wis. Stat. § 893.80(1)(b) has no application in this case. I base this conclusion on (1) the text of the statute; (2) the legislative history of the statute; (3) the legislative purpose of the statute; and (4) case law interpreting the statute.

¶ 31. First, the text of Wis. Stat. § 893.80(1)(b) does not support the majority's holding. On examination of the text we see that § 893.80(1) does not expressly apply to counterclaims. Section 893.80(1) governs an "*action. . .*brought or maintained against any. . .governmental subdivision. . .upon a *claim* or cause of action" (emphasis added). The majority opinion studies the word "claim," not "action."[4]

¶ 32. In using the words "action" and "claim" in Wis. Stat. §§ 893.80(1)(a) and 893.80(1)(b), the legislature must have intended the words to have different meanings. The use of the word "action" in § 893.80(1) is similar to the use of the word not the "action" in chapters 801–847, Wisconsin civil procedure statutes. The

---

[4] The parties, like the majority opinion, focus on the word "claim" in Wis. Stat. § 893.80(1)(b); they too have overlooked the word "action."

The court has decided that a counterclaim is a claim under Wis. Stat. § 893.80(1) but has not decided whether a counterclaim is an action under the statute. In *Milwaukee v. Milwaukee Civic Developments, Inc.* (MCD), 71 Wis. 2d 647, 656–58, 239 N.W.2d 44 (1976), the court concluded that the former notice of claim statute applied to a counterclaim for money damages. *MCD*, however, focused on whether a counterclaim is an *action* under the notice of claims statute, not on whether a counterclaim is an *action* under the notice of claims statute brought or maintained against the municipality. Thus *MCD* does not address the question in this case, whether a counterclaim is an action brought or maintained against a municipality under the notice of claims statute.

word "action" typically refers to the plaintiff's commencement of a proceeding. In contrast, the word "counterclaim," when used in the statutes, typically refers to pleadings by a defendant in an action brought or maintained by a plaintiff. *See, e.g.*, Wis. Stat. § 802.07 (counterclaims are claims brought by a defendant against a plaintiff); § 803.04(1) (permissive joinder of parties occurs in an already pending action); § 803.09 (intervention occurs in an already pending action).

¶ 33. In several statutes the word "action" is distinguished from the word "counterclaim." *See, e.g.*, Wis. Stat. § 814.025 (governing costs for frivolous actions by plaintiff and frivolous counterclaims by defendant); § 893.14 (distinguishing between period of limitation for commencement of actions by plaintiff and period of limitation for counterclaims).

¶ 34. Perhaps most significant is the statute governing notice of claims against the state. The state notice of claims statute, Wis. Stat. § 893.82, defines a civil action to include a counterclaim.[5] Section 893.80(1)(b), by contrast, does not define "action" to include a counterclaim.

¶ 35. The majority opinion asserts that the plain language of Wis. Stat. § 893.80(1) ties its hands. *See* majority op. at 628–29. But the majority opinion has failed to consider the plain language of § 893.80(1) and instead falls back on *DNR v. City of Waukesha*, 184 Wis. 2d 178, 191, 515 N.W.2d 888 (1994), in which the court stated that § 893.80(1)(b) "applies to all causes of action, not just those in tort and not just those for money damages." This language deviates from, rather

---

[5] *See also* Wis. Stat. § 401.201(1), a general provision of the Uniform Commercial Code expressly defining "action" to include a counterclaim.

than tracks, the statutory language of § 893.80(1). Section 893.80(1) does not use the phrase "all causes of action"; rather it states that "no action may be brought or maintained" against a municipality.

¶ 36. In addition to overlooking the statute's use of the word "action," the majority opinion overlooks that both Wis. Stat. § 893.80(1)(a) and § 893.80(1)(b) refer to the governmental subdivision as the defendant. Section 893.80(1)(a) states that failure to give notice of injury does not bar action if the governmental subdivision has actual notice of the claim and the claimant shows that the failure to give notice "has not been prejudicial to the *defendant*" governmental subdivision. Section 893.80(1)(b) states that "[n]o action on a claim against any *defendant*. . .subdivision or agency. . .may be brought after 6 months from the date of service of the notice" (emphasis added).

¶ 37. In sum, the majority opinion fails to focus on the textual questions presented: Does a counterclaim constitute an "action" brought or maintained against a municipality, and how can Wis. Stat. § 893.80(1), which refers to a defendant governmental subdivision, be interpreted to apply to a plaintiff municipality? Instead the majority opinion concentrates on whether a claim must be founded on tort or equitable relief under § 893.80(1)(b).

¶ 38. I conclude on the basis of the text of Wis. Stat. § 893.80(1)(b) that RATE's counterclaim is not an "action" under the statute and that the statute applies only when a governmental subdivision is a defendant in a lawsuit, not when the governmental subdivision is a plaintiff against whom a counterclaim is filed under the circumstances of this case.[6]

---

[6] While the Wisconsin statutes do not generally treat a counterclaim as an action, I recognize that a counterclaim has

¶ 39. Second, the majority opinion's lengthy recitation of the legislative history to Wis. Stat. § 898.80(1)(b) mistakenly focuses on the application of the statute to tort claims in contrast to non-tort claims, rather than on whether counterclaims are actions brought or maintained under the statute and whether the statute applies when the governmental subdivision is the plaintiff rather than the defendant. The majority opinion fails to recognize what is clear from the legislative history: that the legislature, in recreating § 895.43 (the predecessor to § 893.80(1)), contemplated situations in which municipalities are sued as defendants, not situations in which municipalities initiate litigation.

¶ 40. The prefatory note to ch. 285, Laws of 1977, explains that the act created uniform procedures to follow when "prosecuting a claim" against a municipality. The prefatory note further states that "[n]otice of disallowance of a claim. . .shall include a statement of the date of disallowance and time during which a *claimant may commence a court action*" and that "*suits [must] be commenced* within 6 months of the date of service of notice of allowance" (emphasis added).

---

characteristics of an action and could be the subject matter of an independent action if it were not interposed as a counterclaim.

In the event a plaintiff's action is dismissed and a defendant's counterclaim survives dismissal of the action, the counterclaim may become an "action. . .brought or maintained" against a municipality. When the counterclaim thus becomes an action against a municipality, it may then have to meet all the requirements of an action. The municipality might then raise the notice of claim issue. *See Sewerage Comm'n of Milwaukee v. DNR*, 102 Wis. 2d 613, 633–34 n.6, 307 N.W.2d 189 (1981) (dismissing plaintiff's action but allowing defendant's counterclaim to lie barring some jurisdictional defect).

¶ 41. The phrases "prosecuting a claim," "claimant may commence a court action," and "suits [must] be commenced" as used in the prefatory note demonstrate that the legislature contemplated situations in which claimant-plaintiffs commence litigation against municipality-defendants. The prefatory note does not make sense when the notice of claim requirement is applied to a counterclaim brought by a claimant-defendant against a municipality-plaintiff in response to litigation the municipality commenced raising the very issue addressed in the counterclaim.

¶ 42. I conclude that application of Wis. Stat. § 893.80(1)(b) to RATE's counterclaim is contrary to the legislative history of the notice of claims statute.

¶ 43. Third, the legislative purpose in enacting Wis. Stat. § 893.80(1)(b) is defeated by the majority's holding. The purpose of the statute has been repeated numerous times in our case law: Municipalities shall be afforded the opportunity to settle claims and to set aside funds to pay any anticipated judgments. *See DNR v. Waukesha*, 184 Wis. 2d at 195; *State ex rel. Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 593, 547 N.W.2d 587 (1996).

¶ 44. In this case the City brought the action and thus cannot maintain that notice of claim was needed to effect compromise without suit or to prevent litigation. RATE's failure to file a notice of claim did not cost the City an opportunity to settle RATE's counterclaim. By its own decision to commence litigation the City saw fit to discard the application of Wis. Stat. § 893.80(1)(b).[7]

---

[7] This court gave weight to this argument in *State ex rel. Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 596, 547 N.W.2d 587 (1996). The *Auchinleck* court reasoned, in part, that when a municipality has control over whether a suit will be filed

¶ 45. Furthermore, RATE's counterclaim was based exclusively on facts presented in the City's action and sought in essence the same relief as that sought by the Town. The City concedes that the Town gave notice of its claim. Under these circumstances the notice of claim requirement has no application to RATE's counterclaim.

¶ 46. The holding of the majority opinion leads to the absurd result of allowing the City to press its claim against the Board while RATE, relying on the identical set of facts and substantially the same legal theories as the Board and the Town, is denied an opportunity to assert a counterclaim against the City. Under the majority's reasoning, if the City had joined RATE as a party defendant in the action, RATE would be denied an effective defense against the City's action because the City could assert that RATE had not filed a notice of claim.

¶ 47. I conclude that application of Wis. Stat. § 893.80(1)(b) to RATE's counterclaim is inconsistent with the purpose of the notice of claims statute. As I explain later, the majority opinion is also inconsistent with a purpose of the counterclaim statute.

¶ 48. Fourth, the case law does not support the majority's position. *DNR v. Waukesha*, the centerpiece of the majority opinion, involves a set of facts wholly distinct and distinguishable from this case, and *DNR v. Waukesha* is, as the court has already said, too broadly written.

---

based on its actions so that the municipality contemplates the issues and decides at the outset what it believes to be the appropriate action, allowing that municipality an additional 120 days to contemplate how to respond to a claim in large part duplicates the process in which the municipality has already engaged.

¶ 49. The *DNR v. Waukesha* court considered the applicability of Wis. Stat. § 893.80(1)(b) to an action brought by the DNR against the City of Waukesha to enforce an environmental regulation. In this case, by contrast, a declaratory relief action was brought by the City against the Board. *DNR v. Waukesha* therefore is not controlling since this case involves a municipality acting as the initiator of litigation, not as the defendant in a lawsuit.

¶ 50. Moreover, in the short time since *DNR v. Waukesha* was decided, this court has retreated from a universal application of Wis. Stat. § 893.80(1)(b). *See Auchinleck*, 200 Wis. 2d 585. In *Auchinleck* the court held that § 893.80(1)(b) does not apply to actions commenced under the open records and open meetings laws.

¶ 51. The *Auchinleck* court stated that the "all actions" language from *DNR* "is too broad," and concluded that the open meetings and open records laws are exempt from the notice of claim requirement because the policy of public access to governmental affairs underlying those laws would be undermined by strict adherence to the notice of claims statute. *Id.* at 597. In this case the majority opinion's conclusion defeats a purpose of the counterclaim statute, namely disposing of all points of controversy between the litigants in one action in order to avoid multiple suits.[8]

¶ 52. There are other exceptions to the "all actions" language of *DNR v. Waukesha*. For instance,

---

[8] A purpose of the counterclaim statute is to dispose of all points of controversy between the litigants in one action in order to avoid multiple suits. *See* 3 Jay E. Grenig & Walter L. Harvey, *Wisconsin Practice: Civil Procedure* § 207.2, at 282 (2d ed. 1994); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1406, at 31–32 (2d ed. 1990).

the notice of claim requirement is preempted pursuant to the Supremacy Clause when a 42 U.S.C. § 1983 action is brought in a state court. *See Felder v. Casey*, 487 U.S. 131, 138 (1988). Will the court refuse to view an injunctive proceeding requiring immediate judicial action or a declaratory judgment suit challenging governmental action on constitutional grounds as exceptions to the "all actions" language of *DNR v. Waukesha*?

¶ 53. In summary, I conclude that the application of the notice of claim requirement to RATE's counterclaim is inconsistent with the text, the legislative history and the purpose of Wis. Stat. § 893.80(1)(b), and is not supported by the case law interpreting the statute. Accordingly I would reverse the circuit court decision granting summary judgment against RATE for failure to comply with § 893.80(1)(b).

¶ 54. For the foregoing reasons, I dissent.

¶ 55. I am authorized to state that Justice Janine P. Geske and Justice Ann Walsh Bradley join this opinion.