Courtyard Condominium Association, Inc., Plaintiff-Appellant,

v.

Barbara Draper, Respondent-Respondent.

Court of Appeals

*No. 00–1817. Submitted on briefs February 9, 2001.—Decided April 18, 2001.*

## 2001 WI App 115

(Also reported in 629 N.W.2d 38.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Edward F. Thompson* of *Clair Law Offices, S.C.*, Delavan.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Charles D. Larson* of *Seymour, Kremer, Nommensen, Morrissy & Koch, L.L.P.*, Elkhorn.

Before Nettesheim, Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. Courtyard Condominium Association, Inc. (Courtyard) appeals the decision of the circuit court quashing a court commissioner's order requiring Lewis F. Draper to submit to a supplementary examination under WIS. STAT. § 816.03 (1999–2000).[1] Courtyard insists that the statute should be read to permit a judgment creditor to examine the spouse of a judgment debtor about the amount and location of marital property that might be available to satisfy a judgment. We agree with Courtyard that a commonsense reading, which harmonizes the statutes involved, requires the spouse of a judgment debtor to submit to a supplementary examination. Therefore, we reverse and remand this cause to the circuit court.

¶ 2. Courtyard obtained a judgment of $52,315 against Barbara Draper, individually.[2] In an effort to execute on the judgment, Courtyard conducted a supplementary examination of Barbara under the provisions of WIS. STAT. ch. 816. During the supplemen-

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] We affirmed the judgment in *Courtyard Condominium Association, Inc. v. Draper*, No. 00–0459, unpublished slip op. (Wis. Ct. App. Jan. 31, 2001).

tary proceeding, Barbara professed a lack of knowledge concerning marital property she held with her husband Lewis. Courtyard applied, under WIS. STAT. § 816.03(1)(b), to a Walworth county court commissioner for an order requiring Lewis to submit to a supplementary examination. Lewis sought relief from the order, arguing that the statute limited supplementary examinations to the judgment debtor; the court commissioner denied him the relief requested.

¶ 3. Lewis then requested the circuit court to quash the order requiring him to submit to a supplemental examination. Lewis argued that there was no provision in WIS. STAT. ch. 816 that permitted the examination of third parties. Courtyard countered that the interplay between Wisconsin's marital property law, WIS. STAT. ch. 766, and the law providing supplementary remedies, ch. 816, permitted supplementary examinations of the spouse of the judgment debtor. The circuit court granted Lewis relief from the order. The circuit court concluded that ch. 816 limited supplementary examinations to the judgment debtor. Courtyard appeals.

¶ 4. Courtyard contends that since under WIS. STAT. § 766.55 marital property assets held by either the incurring or non-incurring spouse are available for satisfaction of family purpose obligations, WIS. STAT. § 816.03, should be interpreted to allow examination of either or both spouses, even if one spouse was not a party in the action. Lewis counters that despite the fact that § 766.55 makes the nonjudgment debtor spouse's interest in marital property available to satisfy a judgment, § 816.03 limits a supplementary examination to the judgment debtor.

¶ 5. The interrelationship of WIS. STAT. §§ 766.55 and 816.03 and whether the spouse of a judgment debtor can be subjected to a supplementary examination under § 816.03 are questions of statutory interpretation. The interpretation of a statute is a question of law which this court reviews without deference to the trial court. *Johnson v. ABC Ins. Co.*, 193 Wis. 2d 35, 43, 532 N.W.2d 130 (1995).

¶ 6. Any effort at statutory construction must begin with the plain language of the statute itself. *City of Racine v. Waste Facility Siting Bd.*, 216 Wis. 2d 616, 621, 575 N.W.2d 712 (1998). If the statute is unambiguous on its face, generally we do not look further. *Id.* However, a statute whose meaning appears clear on its face may be made ambiguous by its interaction with another statute or statutes. *State v. White*, 97 Wis. 2d 193, 198, 295 N.W.2d 346 (1980). The interpretation of the interaction between two or more statutes also presents a question of statutory interpretation, which we review de novo. *See Little Sissabagama Lake Shore Owners Ass'n, Inc. v. Town of Edgewater*, 208 Wis. 2d 259, 264, 559 N.W.2d 914 (Ct. App. 1997).

¶ 7. There are several statutes at play in this appeal. First, WIS. STAT. § 816.03(1) provides the authority for conducting supplementary examinations:

> **816.03 Debtor may be compelled to answer as to property.** **(1)** (a) When an execution against property has, within 5 years, been returned unsatisfied in whole or in part or the officer holding the execution certifies that the officer is unable to levy upon property sufficient to satisfy the judgment or the judgment creditor by affidavit satisfies the court or judge that the judgment debtor, whether an individual, firm, corporation or other association,

has property which the judgment debtor unlawfully refuses to apply towards the satisfaction of the judgment, the court or a judge of the county to which the execution was issued shall, upon motion of the judgment creditor, order such judgment debtor, whether an individual, firm, corporation or other association, to appear before the court or judge and answer concerning the judgment debtor's property at a time and place specified in the order, within said county.

(b) A court commissioner upon application of a judgment creditor shall order any judgment debtor to appear before the court commissioner and answer concerning the judgment debtor's property at a time and place specified in the order, within said county, in lieu of the procedure set forth in par. (a).

¶ 8. Second, WIS. STAT. § 816.06 provides who may be examined at a supplementary examination:

**816.06  Examination of debtor and witnesses.**
At the hearing upon such order or warrant such judgment debtor may be examined on oath and testimony on the part of either party may be offered.

¶ 9. Read together, the two statutes unambiguously require the judgment debtor to submit to a supplementary examination to determine if there is property available to satisfy the judgment. However, the last phrase of WIS. STAT. § 816.06, "testimony on the part of either party may be offered," creates an ambiguity. A reasonable person is required to ask whether this phrase is limited to allowing both parties to examine the judgment debtor or broadly permits the calling and examination of third parties who might have information about the judgment debtor's property. *State v. Wittrock*, 119 Wis. 2d 664, 669–70, 350 N.W.2d 647

(1984) (a statute is ambiguous if a well-informed person can become confused as to a term's meaning).

¶ 10.   This ambiguity is heightened when provisions of the Marital Property Act (MPA) and a procedural statute are also considered. Specifically, WIS. STAT. § 766.55 addresses the satisfaction of obligations incurred by one spouse during the marriage. The applicable portions of this statute provide:

> **766.55   Obligations of spouses. (1)** An obligation incurred by a spouse during marriage, including one attributable to an act or omission during marriage, is presumed to be incurred in the interest of the marriage or the family. . . .
>
> **(2)**   After the determination date all of the following apply:
>
> . . . .
>
> (b)   An obligation incurred by a spouse in the interest of the marriage or the family may be satisfied only from all marital property and all other property of the incurring spouse.

This section of the MPA "does not create a direct cause of action against" the judgment debtor's spouse; rather, it serves to clarify what property is available to satisfy the judgment. *St. Mary's Hosp. Med. Ctr. v. Brady*, 186 Wis. 2d 100, 112–13, 519 N.W.2d 706 (Ct. App. 1994).

¶ 11.   The judgment creditor's right to proceed to collect a judgment from the spouse of the judgment debtor is found in WIS. STAT. § 803.045(3), "[a]fter obtaining a judgment, a creditor may proceed against either or both spouses to reach marital property available for satisfaction of the judgment." Read together, WIS. STAT. §§ 766.55(2) and 803.045(3) permit the judgment creditor to proceed against all marital property to satisfy a judgment on an obligation incurred during

marriage, even where only one spouse is the judgment debtor.

¶ 12. The ambiguity identified by the interaction of WIS. STAT. §§ 816.03 with 816.06 is heightened because, although WIS. STAT. §§ 766.55(2)(b) and 803.045(3) permit a judgment creditor to proceed against the spouse who is not the judgment debtor, whether or not the judgment creditor can seek to learn the amount and location of marital property in a supplementary examination of the spouse is unclear. These statutes provide two different schemes—(1) the right of the judgment creditor to inquire about the amount and location of property that could satisfy the judgment and (2) the right of the judgment creditor to proceed against all marital property and the nonjudgment debtor spouse to satisfy the judgment—that must be combined.

■

¶ 13. "It is our duty to construe statutes on the same subject matter in a manner that harmonizes them in order to give each full force and effect." *State v. Aaron D.*, 214 Wis. 2d 56, 66, 571 N.W.2d 399 (Ct. App. 1997) (citation omitted). In one manner or another, all four statutes under consideration deal with satisfaction of a judgment. WISCONSIN STAT. § 766.55 describes when marital property is available to satisfy a judgment and WIS. STAT. § 803.045 provides the procedure to reach that marital property. WISCONSIN STAT. §§ 816.03 and 816.06 provide the procedure to locate the marital property that can be applied to the satisfaction of a judgment.

¶ 14. Lewis argues that while a judgment creditor can satisfy a judgment from marital property, he or she cannot examine the spouse of the judgment debtor to determine the amount and location of the marital

property. We reject Lewis's argument because it defies common sense. *See State v. Clausen*, 105 Wis. 2d 231, 246, 313 N.W.2d 819 (1982) (statutes cannot be construed in derogation of common sense). As the United States Supreme Court observed in *Bell v. United States*, 349 U.S. 81, 83 (1955), statutes should be read "with the saving grace of common sense."

¶ 15. We conclude that the only way to harmonize the statutes under consideration and remove any ambiguity is to hold that a judgment creditor may examine the spouse of a judgment debtor under WIS. STAT. § 816.03. Where, as in this case, the judgment debtor pleads ignorance when asked about marital property during a supplementary examination, the right of the judgment creditor to satisfy a judgment from marital property would be frustrated if the creditor could not examine the spouse. Without examining the spouse of the judgment debtor, the judgment creditor would lack the information needed to proceed against the spouse under WIS. STAT. § 803.045 to reach marital property.

¶ 16. The supplementary examination of the spouse of the judgment debtor, when the judgment creditor seeks to satisfy the judgment from marital property, finds support in KEITH A. CHRISTIANSEN ET AL., MARITAL PROPERTY LAW IN WISCONSIN § 622(a) (2d ed. 1993), which explains in relevant part:

> Sections 811.001 and 812.01(1) provide that attachment and garnishment actions, respectively, may affect property held by the judgment debtor or both the debtor and the debtor's spouse if an obligation under § 766.55(2) is involved. However, § 816.03, relating to supplementary proceedings, was not modified. This may result in some confusion in

determining permissible procedures relating to discovery of assets available for recovery of a judgment entered in connection with a § 766.55 obligation. For example, § 816.03(1)(a) merely provides that the "judgment debtor" can be ordered to appear at a supplementary examination to answer questions concerning his or her property. The incurring spouse may be the only defendant in the principal action, or the nonincurring spouse may be the only defendant if the creditor is unable to obtain personal jurisdiction over the obligated or incurring spouse. Since marital property assets held by the either the [sic] incurring or nonincurring spouse are available for satisfaction of family purpose obligations, § 816.03 should be interpreted to allow examination of either or both spouses, even if one spouse was not a party in the action. (Citations omitted.)

¶ 17. Permitting the supplementary examination of the judgment debtor's spouse also fosters the obligation of an attorney to conduct a reasonable inquiry to satisfy himself or herself that the action is well-grounded in fact before filing an action in court. WIS. STAT. § 802.05. The purpose of § 802.05 is to impose sanctions upon an attorney who files documents with the court without conducting an adequate investigation of the issues. *Belich v. Szymaszek*, 224 Wis. 2d 419, 430, 592 N.W.2d 254 (Ct. App. 1999), *review denied*, 225 Wis. 2d 489, 594 N.W.2d 383 (Wis. Apr. 27, 1999) (No. 97–3447). To perform an adequate investigation before proceeding with a claim, the attorney is expected to read and consider before litigating. *Id.* The supplementary examination of the judgment debtor's spouse will limit actions under WIS. STAT. § 803.045 to those where the attorney learns that there

is marital property which can be reached to satisfy the judgment.

¶ 18. It would be an unreasonable and absurd result to conclude that although a judgment creditor may reach all marital property to satisfy a judgment, the spouse of the judgment debtor does not have to submit to a supplementary examination in which the amount and location of marital property could be determined. *See Tesker v. Town of Saukville*, 208 Wis. 2d 600, 612, 561 N.W.2d 338 (Ct. App. 1997) ("Courts must look to the common-sense meaning of a statute to avoid unreasonable and absurd results."). Harmonizing the statutes involved to permit the supplementary examination of the judgment debtor's spouse gives full force and affect to the tenor of the statutes allowing the judgment creditor to reach marital property.

*By the Court.*—Order reversed and cause remanded.