COURT OF APPEALS
DECISION
DATED AND FILED

April 5, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2020AP1466**
**2020AP1467**

Cir. Ct. Nos. **2020TR68**
**2020TR69**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

CITY OF RHINELANDER,

PLAINTIFF-RESPONDENT,

V.

ZACHARY TYLER LAFAVE-LACROSSE,

DEFENDANT-APPELLANT.

APPEALS from orders of the circuit court for Oneida County: MICHAEL H. BLOOM, Judge. *Affirmed.*

¶1 GILL, J.[1] Zachary Tyler LaFave-LaCrosse (hereinafter, "LaFave"), pro se, appeals from orders entered by the circuit court in two separate cases, now

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

consolidated on appeal, denying LaFave's motion to waive trial transcript fees for his underlying appeals due to his indigency. LaFave is correct that the court used an improper legal standard in denying his motion. However, because LaFave has failed to provide any facts or argument showing that his underlying appeals state a claim upon which relief can be granted, we conclude that his motion for fee waivers was deficient. Accordingly, we affirm the court's orders.

## BACKGROUND

¶2　On January 18, 2020, LaFave was cited for operating a motor vehicle while under the influence of an intoxicant as a first offense and for refusing to take a chemical test of his breath to measure his intoxication after his arrest. *See* WIS. STAT. §§ 346.63(1)(a), 343.305(9)(a). At a bench trial, LaFave was found guilty on both counts. In April 2020, LaFave filed motions for reconsideration seeking a new trial. The circuit court denied both motions.

¶3　On June 26, 2020, LaFave appealed from both the judgments of conviction and from the orders denying his motions for reconsideration.[2] The appeals were subsequently consolidated. Concurrently, LaFave filed a motion in the circuit court requesting that any costs for preparing the transcripts required for his appeals be waived as a result of his indigent status. *See* WIS. STAT. § 814.29(1). In that motion, LaFave stated facts supporting his indigency, including that he believed he was under the poverty level and that he was currently an unemployed student.

---

[2] Although neither notice of appeal explicitly names the orders denying LaFave's motions for reconsideration, they do list the dates those orders were entered. Accordingly, we consider them to be within the scope of these appeals.

¶4    The circuit court denied LaFave's motion to waive the requisite transcript fees, reasoning:

> The above-captioned actions are civil proceedings relative to traffic regulation, an appeal of which, pursuant to [WIS. STAT. RULE] 809.40, is subject to the requirements of [WIS. STAT. RULES] 809.01 to 809.26. RULE 809.11(4), provides that, in an appeal of this type, the appellant—in this case, the defendant, [LaFave]—is responsible for payment of the cost of preparing the transcript. The defendant has pointed to no provision in [RULES] 809.01 to 809.26—nor is the court aware of any—that provides for waiver of the cost of preparing the transcript.

¶5    LaFave subsequently filed a motion in this court requesting that his transcript fees be waived, arguing that "[t]he transcripts are necessary for this appeal to adequately account and recall information that is needed to present of [sic] this case with accuracy." We denied LaFave's motion, reasoning that the request for a waiver of a transcript fees at that time in the proceedings was a matter solely for the circuit court to decide. We further informed LaFave that he could challenge the fee waiver decision by directly appealing the circuit court's order denying his original motion to waive the requisite transcript fees. Additionally, we provided LaFave with the following standard governing transcript fee waivers: "In addition to establishing one's indigency, a party seeking a transcript fee waiver must establish that he or she has an arguably meritorious claim for relief on appeal and that any issues of arguable merit necessitate a transcript for appellate review."

¶6    LaFave subsequently filed a notice of appeal from the circuit court's order denying his motion to waive the relevant transcript fees. These appeals follow.

3

## DISCUSSION

¶7      LaFave argues that the circuit court erred in its application of WIS. STAT. § 814.29(1) by denying his motion to waive his transcript fees on the basis that § 814.29(1) was not applicable in civil traffic cases. The interpretation of a statute is a question of law which this court reviews without deference to the trial court. *Courtyard Condo. Ass'n, Inc. v. Draper*, 2001 WI App 115, ¶5, 244 Wis. 2d 153, 629 N.W.2d 38.

¶8      We agree that the circuit court applied an improper legal standard on review of LaFave's motion to waive his transcript fees. The court reasoned that because LaFave's case was a civil proceeding involving traffic regulations, LaFave was responsible for the payment for preparing the transcript and was not eligible to have his transcript fees waived. WISCONSIN STAT. § 814.29(1) does not, however, bar the waiver of transcript fees in civil or traffic-related cases. Instead, it explicitly allows for "any person" to commence, prosecute, or defend "any action" without being required to pay a fee, as long as the court makes a finding of poverty. *See* § 814.29(1)(a), (d). The City of Rhinelander ("the City") concedes in its brief that § 814.29 allows for the waiver of a fee in this type of case. Additionally, fee waivers have explicitly been interpreted to be applicable in civil cases. *State ex rel. Girouard v. Circuit Ct. for Jackson Cnty.*, 155 Wis. 2d 148, 153, 454 N.W.2d 792 (1990). Accordingly, the court erred when it denied LaFave's motion on the basis that a fee waiver was unavailable in his case.

¶9      Despite the circuit court's error, LaFave's request for the waiver of his transcript fees fails on separate statutory grounds. In order to obtain a fee waiver under WIS. STAT. § 814.29(1), LaFave must show both that he is indigent and that his underlying appeals state a claim on which relief can be granted.

*See **Girouard***, 155 Wis. 2d at 153; ***State ex rel. Luedtke v. Bertrand***, 220 Wis. 2d 574, 578, 583 N.W.2d 858 (Ct. App. 1998), *aff'd by an equally divided court*, 226 Wis. 2d 271, 594 N.W.2d 370 (1999), *superseded by statute on other grounds*; *see also **State v. Boruch***, No. 2018AP152, unpublished slip op. ¶19 (WI App May 19, 2020).[3]   The analysis of whether a claim has been made upon which relief can be granted is a question of law for our independent review.  ***Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693.

¶10     The parties do not dispute that LaFave is indigent for the purposes of WIS. STAT. § 814.29(1).   LaFave has failed, however, to provide facts or arguments showing that his underlying appeals state a claim upon which relief can be granted.   In his motion to waive transcript fees and in his appellate brief, LaFave solely recites facts regarding his indigent status.   He does not discuss the merits of his claims.

¶11     Although we acknowledge the difficulties in navigating statutory requirements as a pro se litigant, LaFave was provided notice several times that he needed to make substantive arguments about his claims in order to be entitled to a fee waiver for the transcripts.   This court provided notice to LaFave prior to these appeals that "a party seeking a transcript fee waiver must establish that he or she has an arguably meritorious claim for relief on appeal and that any issues of arguable merit necessitate a transcript for appellate review."   The City noted this deficiency in its brief, but LaFave elected not to file a reply brief, thereby

---

[3] Unpublished opinions authored by a single judge, issued on or after July 1, 2009, may be cited for their persuasive value. *See* WIS. STAT. RULE 809.23(3)(b).

conceding the issue. *See **Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.**,* 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments may be deemed conceded).

¶12     LaFave's only potentially relevant argument in his brief is to point out that in his second motion to waive transcript fees—filed in this court after the circuit court denied his initial motion—he stated that "[t]he transcripts are necessary for this appeal to adequately account and recall information that is needed to present of [sic] this case with accuracy." LaFave did not, however, make that argument in support of his motion to the circuit court, and the motion he references was denied by this court. In addition, the language is nonspecific and does not present sufficient facts or arguments such that it demonstrates that his underlying appeals state a claim upon which relief can be granted.[4]

¶13     LaFave also appears to argue in his appellate brief that the only evidence supporting the circuit court's original judgments was testimony, and that as a result, he would require transcripts on appeal. LaFave does not, however, explain how this testimony provides evidence of issues of arguable merit, necessitating a transcript for his appeals. This undeveloped argument does not show that LaFave's underlying appeals state a claim on which relief can be granted. As a result, he is not entitled to a fee waiver under WIS. STAT. § 814.29(1).

---

[4]Although LaFave discussed the merits of his case—including the circuit court's credibility determination—in a motion to stay brought before the circuit court, he failed to do so where required in either his motion to waive the requisite transcript fees or in his appellate brief. Accordingly, this separate motion to stay does not entitle LaFave to a fee waiver under WIS. STAT. § 814.29(1).

¶14    Despite the notice provided to him, LaFave did not attempt to amend or supplement his original motion or to make any further arguments on appeal as to the merits of his claim—only reasserting his indigent status. Although not a high bar, LaFave failed to provide any facts or evidence establishing that he had a claim upon which relief could be granted and for which he required a transcript for appellate review.

¶15    Therefore, although the circuit court used an improper standard in denying LaFave's motion to waive his transcript fees, we conclude that LaFave failed to meet the statutory requirements under WIS. STAT. § 814.29 and that his motion was therefore deficient. We will not reverse a correct decision of the circuit court even though the reason for that decision may have been erroneously expressed. *See* *State ex rel. Schultz v. Bruendl*, 168 Wis. 2d 101, 113, 483 N.W.2d 238 (Ct. App. 1992). If a circuit court reaches the correct result, even for the wrong reason, the court's decision will be affirmed. *See* *State v. Amrine*, 157 Wis. 2d 778, 783, 460 N.W.2d 826 (Ct. App. 1990). Accordingly, we affirm the circuit court's orders.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.