STATE of Wisconsin EX REL. Robert J. AUCHINLECK,
Plaintiff-Appellant,

v.

TOWN OF LaGRANGE and Elizabeth Sukala,
Defendants-Respondents. [Case No. 94-2809]

STATE of Wisconsin EX REL. Robert J. AUCHINLECK,
Plaintiff-Appellant,
STATE of Wisconsin EX REL., Abe J. GOLDSMITH, Plain-
tiff,

v.

TOWN OF LaGRANGE, Town of LaGrange Ad Hoc Com-
mittee Pertaining to Law Enforcement and/or Boating
and Safety Patrol, Denise Pierce, David Heilmeier,
Frank Taylor, Jon Jacobsen, Charles Herbert Shar-
pless and James Shannon, Defendants-Respondents.
[Case No. 94-2887]

Supreme Court

*Nos. 94–2809, 94–2887. Oral argument January 9,
1996.—Decided May 8, 1996.*

(Also reported in 547 N.W.2d 587.)

For the plaintiff-appellant there were briefs by *Patrick J. Hudec, Jean-Marie Reilly* and *Hudec Law*

*Offices, S.C.,* East Troy and oral argument by *Patrick J. Hudec.*

For the defendants-respondents there was a brief by *Michael J. Cieslewicz, Kevin A. Christensen* and *Kasdorf, Lewis & Swietlik, S.C.,* Milwaukee and oral argument by *Kevin A. Christensen.*

Amicus curiae brief was filed by *Linda M. Clifford,* and *LaFollette & Sinykin,* Madison for the Wisconsin Freedom of Information Council.

Amicus curiae brief was filed by *Bruce Meredith,* and *Chris Galinat,* counsel, Madison, for the Wisconsin Education Association Council.

ANN WALSH BRADLEY, J. These cases are before the court on certification by the court of appeals, pursuant to Wis. Stat. § 809.61 (1993-94).[1] Robert Auchinleck appeals two orders which dismissed his separate actions against the Town of LaGrange (Town) and other Town officials for alleged violations of Wisconsin's open meetings and open records laws. *See* Wis. Stat. §§ 19.81-.98 and 19.31-.37. The circuit court dismissed the actions based on Auchinleck's failure to comply with the governmental notice provisions of Wis. Stat. § 893.80(1). We conclude that both the open meetings and open records laws are exempt from the notice provisions of § 893.80(1) because the policy of public access to governmental affairs which underlies those laws would otherwise be undermined.[2] Accordingly, we

---

[1] All future statutory references are to the 1993-94 volume unless otherwise indicated.

[2] We note that the legislature recently amended the statutes to provide that Wis. Stat. § 893.80 does not apply to actions commenced under Wis. Stat. §§ 19.37 or 19.97. 1995 Wis. Act 158, § 19.

reverse the circuit court's orders and remand for further proceedings.

The facts for purposes of this appeal are not in dispute. The Town formed an "Ad Hoc Committee Pertaining to Law Enforcement and/or Boating and Safety Patrol." This committee served at the direction of the Town Board to consider the expenditure of monies and the enforcement of Town ordinances with respect to Lauderdale Lakes.

The committee often held meetings that were closed to the public. On one such occasion the committee met in closed session to review a public survey concerning the level of law enforcement that was desired on Lauderdale Lakes. Auchinleck, the acting police chief for the Town, filed an action on behalf of the State pursuant to Wis. Stat. § 19.97(1), (4),[3] alleging that this meeting was closed in violation of Wis. Stat. § 19.83.[4] (Walworth County Circuit Court Case No. 94-CV-396.)

---

[3] Wisconsin Stat. § 19.97 provides in relevant part:

**Enforcement. (1)** This subchapter shall be enforced in the name and on behalf of the state by the attorney general or, upon the verified complaint of any person, by the district attorney of any county wherein a violation may occur.

. . . .

**(4)** If the district attorney refuses or otherwise fails to commence an action to enforce this subchapter within 20 days after receiving a verified complaint, the person making such complaint may bring an action under subs. (1) to (3) on his or her relation in the name, and on behalf, of the state.

[4] Section 19.83 states:

**Meetings of governmental bodies.** Every meeting of a governmental body shall be preceded by public notice as provided in s. 19.84, and shall be held in open session. At any meeting of a governmental body, all discussion shall be held and all action of any

Auchinleck also submitted two requests for certain records related to the committee's activities. He first requested a copy of a letter sent to a Town supervisor, which purportedly alleged that Auchinleck was improperly influenced by a friend when reporting the facts of a boating accident to state and federal authorities. He also sought the minutes of the meeting at which the letter was discussed and the names of the persons who received the letter.

Auchinleck's second request renewed his first demand and requested the minutes of other meetings that had been closed. After receiving no response from the Town on either request, Auchinleck filed an action against the Town under Wis. Stat. § 19.37(1) of the open records law seeking release of the records.[5] (Walworth County Circuit Court Case No. 94-CV-397.)

The Town moved for summary judgment on the ground that Auchinleck had failed in both cases to comply with the notice provisions of Wis. Stat. § 893.80(1).[6]

---

kind, formal or informal, shall be initiated, deliberated upon and acted upon only in open session except as provided in s. 19.85.

[5] Wisconsin Stat. § 19.37(1) provides in relevant part:

**Enforcement and penalties. (1)** Mandamus. If an authority withholds a record or a part of a record or delays granting access to a record or part of a record after a written request for disclosure is made, the requester may pursue either, or both, of the alternatives under pars. (a) and (b).

(a) The requester may bring an action for mandamus asking a court to order release of the record. The court may permit the parties or their attorneys to have access to the requested record under restrictions or protective orders as the court deems appropriate.

[6] Section 893.80 provides in relevant part:

**893.80 Claims against governmental bodies or officers, agents or employes; notice of injury; limitation of damages and suits. (1)** Except as provided in subs. (1m) and (1p), no

Relying on *DNR v. City of Waukesha*, 184 Wis. 2d 178, 191, 515 N.W.2d 888 (1994), the circuit court concluded that § 893.80(1) applies to "all actions," including those brought under the open records and open meetings laws. Accordingly, the circuit court granted the Town's motion for summary judgment in both cases.[7] The court of appeals subsequently consolidated the two actions and certified the cases to this court.

When reviewing a grant of summary judgment, this court follows the same methodology as the circuit

action may be brought or maintained against any . . . governmental subdivision or agency thereof nor against any officer, official, agent or employe of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

    (a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the . . . governmental subdivision or agency and on the officer, official, agent or employe under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the . . . subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant . . . and

    (b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk . . . for the defendant . . . subdivision or agency and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance. . . .

[7] In both cases the Town submitted an affidavit stating that Auchinleck failed to comply with either the notice of circumstances requirement of Wis. Stat. § 893.80(1)(a) or the notice of claim requirement of Wis. Stat. § 893.80(1)(b). The circuit court in both cases granted summary judgment based on Auchinleck's failure to comply with § 893.80(1)(b) without commenting on § 893.80(1)(a). Because both notice provisions were raised, we address the applicability of § 893.80(1) in its entirety.

court, which is set forth in Wis. Stat. § 802.08(2). *Jeske v. Mount Sinai Medical Ctr.*, 183 Wis. 2d 667, 672, 515 N.W.2d 705 (1994). Where there are no material facts in dispute, as here, we must determine whether the movant is entitled to summary judgment under the law. *Id.* Whether the notice provisions of § 893.80(1) apply to actions initiated under the open records or open meetings law involves statutory interpretation. This is a question of law that we review independently without deference to the circuit court's resolution of the issue. *State ex rel. Hodge v. Turtle Lake*, 180 Wis. 2d 62, 70, 508 N.W.2d 603 (1993).

█

The Town argues that the circuit court was correct in concluding that the notice provisions of § 893.80(1) apply to all actions. Auchinleck contends that the application of § 893.80(1) to open records and open meetings claims would thwart the legislature's declared policy of open government which underlies those laws. In order to determine whether § 893.80(1) applies to open records and open meetings claims, we must first examine the plain language of the relevant statutes. *Kellner v. Christian*, 197 Wis. 2d 183, 190, 539 N.W.2d 685 (1995).

Both the open records and open meetings laws set forth specific enforcement mechanisms to force governmental entities to comply with those laws. Under the open records law, a municipality is required to fill any request for records or notify the requester of the reasons for denial "as soon as practicable and without delay." Wis. Stat. § 19.35(4). If a municipality withholds a record or delays granting access, the requester may immediately bring an action for mandamus seeking release of the record. Wis. Stat. § 19.37.

Similarly, the open meetings law contains a specific enforcement scheme intended to provide prompt relief for a violation of the statute. A complainant must first bring a verified complaint to the district attorney. Wis. Stat. § 19.97(1). If the district attorney fails to bring an enforcement action within 20 days after receiving the verified complaint, the complainant may immediately commence an action for declaratory judgment or other relief as may be appropriate pursuant to Wis. Stat. § 19.97(1) to (3). *See* Wis. Stat. § 19.97(4).

In contrast to the procedures for immediate relief set forth in both the open records and open meetings laws, the notice of claim provision of § 893.80(1)(b) delays the filing of potential claims in order to afford the municipality an opportunity to settle the claim without litigation. *DNR*, 184 Wis. 2d at 195 (quoted sources omitted). Section 893.80(1)(b) prohibits an individual from bringing an action against a municipality, or its officials, for acts done in their official capacity, unless a notice of claim is first presented and the claim is disallowed. The municipality has 120 days to disallow any claim presented. Section 893.80(1)(b).

In addition to these separate enforcement mechanisms premised on prompt enforcement, other provisions of the open records and open meetings laws conflict with § 893.80(1). Wisconsin Stat. § 19.35(1)(i) provides that a person may file an open records request anonymously,[8] while § 893.80(1)(b) requires disclosure of the claimant's identity and address. Wisconsin Stat. § 893.80(2) imposes costs on a claimant who fails to recover as much as the municipality's pre-suit offer, yet

---

[8] Wisconsin Stat. § 19.35(1)(i) provides in relevant part:

(i)   Except as authorized under this paragraph, no request . . . may be refused because the person making the request is unwilling to be identified or to state the purpose of the request.

Wis. Stat. §§ 19.37(2) and 19.97(4) permit prevailing claimants costs and fees irrespective of a municipality's pre-suit determination.

■■■■

Based on all of the above, we conclude that § 893.80(1) is inconsistent on its face with the open records and open meetings laws. When confronted with inconsistent legislation, this court's goal is to ascertain the intent of the legislature and construe the law. accordingly. *See Cross v. Soderbeck*, 94 Wis. 2d 331, 343, 288 N.W.2d 779 (1980).

Wisconsin Stat. § 19.31 of the open records law declares the legislature's intent in relevant part as follows:

> In recognition of the fact that a representative government is dependent upon an informed electorate, it is declared to be the public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employes who represent them. . . . To that end, ss. 19.32 to 19.37 shall be construed in every instance with a presumption of complete public access, consistent with the conduct of governmental business. The denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied.

Similarly, Wis. Stat. § 19.81 of the open meetings law declares the policy behind the law to be that "the public is entitled to the fullest and most complete information regarding the affairs of government as is compatible with the conduct of governmental business." Wis. Stat. § 19.81(1). The open meetings law "shall be liberally construed to achieve [its] purposes." Wis. Stat. § 19.81(4).

Based on this language, the unmistakable intent of the legislature was to ensure public access to the affairs of government. Imposing a potential 120-day delay for a citizen to obtain public records or to compel a meeting to be open necessarily results in an added layer of delay and frustration in a citizen's attempt to ensure compliance with the open government laws.

For example, if the notice provisions of § 893.80(1) applied to an open records request, access to public records pertinent to governmental decision making may be delayed 120 days, in effect eliminating that information from the public debate. Such a delay defeats the purpose of the open records of providing the public with the greatest information possible about the affairs of government and assuring access to records "as soon as practicable and without delay." Wis. Stat. §§ 19.31, 19.35(4).

Likewise, requiring a citizen to wait up to 120 days before bringing an enforcement action for an open meetings violation frustrates the purpose of that law. During this delay, the municipality could take significant action without public input or scrutiny of the process. Further, the statutory remedy of voiding governmental action taken at an illegal meeting under Wis. Stat. § 19.97(3) may in many cases become moot.

The Town contends that even if § 893.80(1) conflicts with the open records and open meetings laws, effect must also be given to the intent of § 893.80(1), which is to allow a municipality an opportunity to compromise or settle the claim without litigation. *DNR*, 184 Wis. 2d at 195. It is a cardinal rule of statutory construction that upon comparing a general statute and a specific statute, the specific statute takes prece-

dence. *City of Milwaukee v. Kilgore*, 193 Wis. 2d 168, 185, 532 N.W.2d 690 (1995). The specific procedures of the open records and open meetings laws take precedence over the general notice provisions of § 893.80(1). Further, Wis. Stat. § 893.80(5) expressly states that specific rights and remedies provided by other statutes take precedence over the provisions of § 893.80.[9]

The Town's argument that effect must be given to a policy which encourages settlement and compromise is not compelling. Unlike in a tort claim for damages, a municipality has control over whether a suit will be filed based on its actions. In an open records case, once a request for records is made, the municipality must release the records or provide an explanation as to why it refuses to do so. This requirement forces the municipality to contemplate the issues and decide at the outset what it believes to be the appropriate action. In an open meetings case, a municipality has the opportunity to consider its legal grounds for holding a closed meeting and the likelihood of a successful challenge to its decision prior to the meeting. Therefore, allowing a municipality an additional 120 days to contemplate how to respond to an open records or open meetings enforcement action in large part duplicates the process in which it already engaged prior to its initial response.

In addition to its statutory analysis, the Town asserts that this court's prior holding in *DNR* controls this case. In *DNR*, the Department of Natural Resources brought an action against the City of Wau-

---

[9] Section 893.80(5) states in relevant part:

When rights or remedies are provided by any other statute against any political corporation, governmental subdivision or agency or any officer, official, agent or employe thereof for injury, damage or death, such statute shall apply and the limitations in sub. (3) shall be inapplicable.

kesha seeking an injunction to require the City to comply with safe drinking water standards, forfeitures for past violations, and penalties. The circuit court dismissed the action on the ground that the DNR failed to first provide the City with the notice required by § 893.80(1). *DNR*, 184 Wis. 2d at 187-88. In holding § 893.80(1) applicable under the facts of that case, this court stated that the notice of claim statute applied to "all actions." *DNR*, 184 Wis. 2d at 191. That particular language, to the extent it is interpreted as applying to open records and open meetings actions, is too broad and is withdrawn.

In sum, the language and the public policy of the open records and open meetings laws require timely access to the affairs of government. The specific enforcement provisions of Wis. Stat. §§ 19.31 and 19.81 take precedence over the general notice provisions of § 893.80(1).[10] Accordingly, we conclude that actions brought under the open records and open meetings claims laws are exempt from the notice provisions of § 893.80(1).[11]

---

[10] Auchinleck also relies on other statutes not at issue in this case that contain various separate enforcement provisions or time limits. He argues that applying the notice of claim requirements to these statutes would lead to absurd results. Although we rely in part on the separate enforcement mechanisms of the open records and open meetings laws in this case, we make no determination as to the application of the notice of claim requirements on other statutes which may contain similar enforcement mechanisms.

[11] Auchinleck also argued that he substantially complied with § 893.80(1) and therefore was entitled to file and proceed with his open records and open meetings actions. Because we hold that such actions are exempt from the notice provisions of § 893.80(1), we need not address this argument.

597

*By the Court.*—The orders of the circuit court are reversed and cause remanded.