**Robert J. AUCHINLECK,
Plaintiff–Appellant,**

v.

**TOWN OF LAGRANGE, et al.,
Defendants–Appellees.**

**No. 01–2514.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 25, 2002.

Decided March 7, 2002.

Before POSNER, EASTERBROOK, WILLIAMS, Circuit Judges.

### Order

Robert Auchinleck, police chief of a small Wisconsin town, was fired twice during the 1990s. Each time he was reinstated by a state court, in litigation under state law. After prevailing in the state suits, Auchinleck filed a federal suit under 42 U.S.C. § 1983 seeking damages, measured in large part by the attorneys' fees incurred in the four distinct state cases (Nos. 94 CV 396, 94 CV 397, 95 CV 575, and 97 CV 477). These suits led to four appellate decisions, including one by the Supreme Court of Wisconsin. See *Wisconsin ex rel. Auchinleck v. LaGrange,* 200 Wis.2d 585, 547 N.W.2d 587 (1996). Litigation continues to multiply: the parties have come to blows (in state court) about the claims that Auchinleck made in federal court. The Town's effort to remove that case was unsuccessful, *Auchin-*

*leck v. LaGrange,* 167 F.Supp.2d 1066 (E.D.Wis.2001), which did not prevent the Town from firing Auchinleck a third time on the theory that Auchinleck's conduct during the federal suit demonstrated his unfitness for the position. In further proceedings under state law, a hearing examiner sustained that charge, holding that Auchinleck had submitted a perjurious affidavit, and Auchinleck was removed from his position effective January 28, 2002. But this does not resolve the § 1983 suit, in which Auchinleck contends that he has been deprived of liberty or property without due process of law. We must decide whether the district court erred in granting summary judgment in the Town's favor.

The discharge now in question is Auchinleck's second, in 1996. After a judicial decision upset the first discharge, the Town adopted a number of rules requiring the Chief to turn over certain records. Auchinleck refused, saying that these rules infringed his powers, and was fired in November 1996 for insubordination. A state court restored him to the Chief's position. According to Auchinleck, he now wants damages not for the discharge standing alone but for the discharge in conjunction with adoption of the rules that precipitated his insubordination. We see no reason why Auchinleck could not have litigated all of his theories in state court at the time, joining a claim under § 1983 to his state-law theories of recovery. Wisconsin follows the transactional approach to preclusion, see *Northern States Power Co. v. Bugher,* 189 Wis.2d 541, 553–54, 525 N.W.2d 723, 728–29 (1995), and, because the preclusive effect of a state court's judgment depends on state law, see 28 U.S.C. § 1738, it should follow that Auchinleck's entire federal claim is barred by principles of claim preclusion. See *Durgins v. East St. Louis,* 272 F.3d 841 (7th Cir.2001). But the district court held that

only part of this § 1983 litigation is barred by preclusion, and the defendants have not asked us to affirm on preclusion grounds across the board. What they do argue is that Auchinleck lacks a property interest in his position, and that consequently he has no due process claim to begin with. So the district court held, and as this is conclusive of the whole case we begin and end there.

■ Auchinleck's position is unpaid. State law limits the grounds on which even a volunteer may be discharged, but this sort of restriction does not create a liberty or property interest unless coupled with a concrete personal interest that is *protected* by the "cause" rule. See *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 526–27, 531 (7th Cir.2000). A police officer lacks a property interest in carrying a badge or gun, or bossing around his subordinates. *Ulichny v. Merton Community School District*, 249 F.3d 686, 701–02 (7th Cir.2001); *Swick v. Chicago*, 11 F.3d 85, 87–88 (7th Cir.1993).

■ To avoid the conclusion that a volunteer lacks a property interest in his position, Auchinleck points to Wisconsin statutes that entitle persons in his position to hearings before they may be dismissed. It is settled, however, that people lack property interests in procedures; only when the thing *protected* by notices and hearings is "property" does the federal Constitution come into play. See, e.g., *Olim v. Wakinekona*, 461 U.S. 238, 248–51, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Hewitt v. Helms*, 459 U.S. 460, 471, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1081 (7th Cir.1987). Auchinleck also contends that, appearances to the contrary, he really is a paid police officer, at least on occasion. He accepted wages during training, he insists. The most charitable understanding of Auchinleck's affidavit is that he has confused reimbursement of expenses with wages. Reimbursement does not create a property interest in the position; it just prevents the volunteer from losing money while offering service. A less charitable understanding—the one reached by the state's hearing examiner—is that the affidavit is deceitful. During one of the state cases, Auchinleck testified that he had not received wages and had never reported to the federal government (or paid taxes on) any income from the Town. Now that he sees the legal consequence of this statement, he has changed his tune. *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999), collects cases from every circuit holding that a litigant is bound by answers given during a deposition, despite a later affidavit contradicting those answers, unless there is a legally valid reason why the deposition answers may be superseded; we see no reason why it should be easier for a litigant to contradict evidence given to a state court.

Even if all of this is wrong—if Auchinleck really had some limited "property" interest in his position—state courts supplied all of the process that was his due. *Parratt v. Taylor*, 451 U.S. 527, 535–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Wisconsin offers persons in Auchinleck's position ample opportunities to have their grievances heard and resolved. His failure to ask the state courts for damages on top of reinstatement does not permit him to file still another suit seeking that relief.

Affirmed