COURT OF APPEALS
DECISION
DATED AND FILED

April 29, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2025AP354**

**STATE OF WISCONSIN**

Cir. Ct. No.  2023CV3275

**IN COURT OF APPEALS
DISTRICT II**

---

WISCONSIN MANUFACTURERS AND COMMERCE INC.,

   PLAINTIFF-APPELLANT,

 V.

WISCONSIN DEPARTMENT OF JUSTICE,

   DEFENDANT-RESPONDENT.

---

APPEAL from a judgment of the circuit court for Dane County: FRANK D. REMINGTON, Judge. *Reversed and cause remanded for further proceedings*.

Before Neubauer, P.J., Gundrum, and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Wisconsin Manufacturers and Commerce Inc. (WMC) appeals a judgment of the circuit court dismissing its claim for attorney fees, damages, and costs associated with the Wisconsin Department of Justice's (DOJ) delay in responding to WMC's public records request. We agree with WMC that its complaint constituted a mandamus action and set forth a cognizable claim for relief associated with an unreasonable delay in producing responsive records. Accordingly, we reverse and remand for further proceedings.

## BACKGROUND

¶2     Because this case comes to us on review of a motion to dismiss, we accept the factual allegations in the complaint as true for purposes of our review. *See Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶18, 356 Wis. 2d 665, 849 N.W.2d 693.

¶3     On March 28, 2022, WMC requested records from the DOJ containing correspondence between DOJ employees and a law firm. The DOJ responded on April 25, 2022, that it was reviewing its files to respond to the request. It denied the request about 18 months later, on September 27, 2023, citing attorney-client privilege and attorney work product exemptions to disclosure.

¶4     WMC sought mandamus review in the circuit court pursuant to WIS. STAT. § 19.37(1) (2023-24).[1] The complaint featured two claims. The first, which we refer to as the "delay" claim, alleged that the DOJ failed to act with reasonable diligence in releasing records pursuant to WMC's public records request. WMC

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

contended the DOJ's 18-month delay responding to the records request constituted an actionable violation of WIS. STAT. § 19.35(4)(a), which generally requires authorities to act "as soon as practicable and without delay[.]" *Id.* WMC's second claim, which we refer to as the "denial" claim, sought damages for an illegal withholding of the records. WMC asserted the records were subject to disclosure, and it sought in camera review to determine the validity of the DOJ's withholding. For both alleged violations, WMC sought reasonable attorney fees, damages, and costs pursuant to § 19.37(2)(a).

¶5 The DOJ moved to dismiss the delay claim, asserting the complaint failed to state a claim upon which relief could be granted. The DOJ asserted there was no cause of action recognized at law for unreasonable delay when an authority has issued a pre-lawsuit denial of a public records request. After briefing, the parties agreed that the circuit court should withhold a decision on the DOJ's motion for judgment on the pleadings until both claims could be decided.

¶6 The DOJ submitted a privilege log and all of the records responsive to WMC's request for in camera review. The DOJ released a small number of records following the circuit court's request for clarification. The court then granted summary judgment in WMC's favor on the remaining records, ordering that the responsive records be disclosed with some redactions. WMC therefore prevailed on its denial claim.

¶7 The circuit court dismissed the delay claim, however, based on its understanding of *Journal Times v. City of Racine Board of Police & Fire Commissioners*, 2015 WI 56, ¶14, 362 Wis. 2d 577, 866 N.W.2d 563. Unlike the denial claim, the court interpreted WMC's delay claim as being based upon the assumption that no responsive records existed. Under these circumstances, the

court interpreted ***Journal Times*** to preclude review when there were no responsive records that would necessitate a response. In essence, the court held that WMC had no cognizable delay claim because under ***Journal Times***, the DOJ would have been entitled to wholly ignore WMC's request for records.

¶8 Although the circuit court determined that ***Journal Times*** required dismissal, it was clearly uncomfortable with this result. The court "pause[d] to observe the tension between DOJ's extraordinary 548-day delay and DOJ's advice on Wisconsin's system of open government[,]" noting that the DOJ's position in this litigation was at odds with aspects of its own compliance guide. The court cautioned that its analysis should not be read "as a vindication of [the DOJ's] refusal to provide a timely response." WMC now appeals the dismissal of its delay claim.[2]

## DISCUSSION

¶9 We review a motion to dismiss based on the sufficiency of the pleadings de novo. ***Ripp Distrib. Co. v. Ruby Distrib. LLC***, 2024 WI App 24, ¶17, 411 Wis. 2d 630, 5 N.W.3d 930. Judgment on the pleadings is appropriate if the pleadings demonstrate no disputed issue of material fact and one party is entitled to judgment as a matter of law. ***Id.*** Our analysis begins with the complaint to determine whether it states a claim upon which relief can be granted. ***New Richmond News v. City of New Richmond***, 2016 WI App 43, ¶28, 370 Wis. 2d 75, 881 N.W.2d 339.

---

[2] During briefing, we granted the request of the Freedom of Information Council, Wisconsin Newspaper Association, and Wisconsin Broadcasters Association to file an amicus curiae brief.

¶10     The Public Records Law, WIS. STAT. §§ 19.31 to 19.37, embodies the public policy that "all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employees who represent them." Sec. 19.31. The general presumption is that all public records shall be open to the public. *Journal Times*, 362 Wis. 2d 577, ¶45. To that end, the Public Records Law is to be "construed in every instance with a presumption of complete public access, consistent with the conduct of governmental business." Sec. 19.31.

¶11     The Public Records Law is also concerned with timely access to records. *See State ex rel. Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 597, 547 N.W.2d 587 (1996). It directs each authority to, "as soon as practicable and without delay," either provide the records or notify the requester of the denial. WIS. STAT. § 19.35(4)(a).

¶12     The enforcement provisions of the Public Records Law specifically authorize an action for mandamus "[i]f an authority withholds a record … or delays granting access to a record … after a written request for disclosure is made[.]" WIS. STAT. § 19.37. "[O]bviously, the legislature contemplated mandamus as a possible answer to delays as well as denials." *Capital Times Co. v. Doyle*, 2011 WI App 137, ¶11 n.9, 337 Wis. 2d 544, 807 N.W.2d 666.

¶13     In defending the dismissal of WMC's delay claim, the DOJ does not endorse the circuit court's analysis. The DOJ appears to concede on appeal that, as a general matter, a delay in disclosing responsive records can give rise to a mandamus action for the forms of relief specified in WIS. STAT. § 19.37. For good reason. Again, the enforcement provisions of the Public Records Law specifically authorize an action for mandamus "[i]f an authority withholds a record … or

*delays* granting access to a record … after a written request for disclosure is made[.]" Sec. 19.37 (emphasis added). Section 19.37(2)(a) permits an award of reasonable attorney fees, damages, and costs if the requester prevails in whole or substantial part in a mandamus action relating to access to a record. And punitive damages are available under subsection (3) if the court finds that the authority has "arbitrarily and capriciously denied or delayed response to a request[.]" Sec. 19.37(3).

¶14    Departing from the circuit court's analysis, the DOJ instead engages in a hyper-technical deconstruction of WMC's complaint. The DOJ argues that WMC's delay claim, which the complaint articulates as a "Violation of WIS. STAT. § 19.35(4)(a) Illegal Delay in Granting Access to Records[,]" is deficient because, in the DOJ's view, it is a standalone claim for attorney fees and damages. (Formatting altered.) The DOJ reasons the delay claim does not constitute an action for mandamus seeking release of a record.

¶15    The DOJ's argument places too much emphasis on the complaint's structure as opposed to its substance. "A complaint's success does not depend on accurate labeling." *Tikalsky v. Friedman*, 2019 WI 56, ¶14, 386 Wis. 2d 757, 928 N.W.2d 502. We will even tolerate a misidentification of the cause of action as long as the factual allegations are legally sufficient. *Id.*

¶16    Here, not only is the gist of WMC's complaint that mandamus relief was appropriate because the DOJ had unlawfully withheld records, but the complaint specifically alleges that "the DOJ's delay violated WIS. STAT. § 19.35(4)(a), warranting mandamus relief under WIS. STAT. § 19.37(1)." And the DOJ's answer admitted that the circuit court had jurisdiction to hear the matter as an action for mandamus seeking release of a record.

¶17    Furthermore, the DOJ's argument cannot withstand the impact of *Wisconsin State Journal v. Blazel*, 2023 WI App 18, 407 Wis. 2d 472, 991 N.W.2d 450. In that case, after initially denying the records requests, the records custodian voluntarily released redacted records to the requester mid-lawsuit. *Id.*, ¶¶8, 10-11. Like WMC here, the requester in that case filed an amended complaint asserting two causes of action, a delay claim and a denial claim. *Id.*, ¶13.

¶18    *Blazel* featured a back-and-forth between the majority and a dissenting judge about the application of the mootness doctrine to the Public Records Law. In the course of that discussion, the dissent asserted that the requester's delay claim would not qualify for an award of attorney fees because there had been no "grant of judicial remedy or relief concerning, in this case, the delay in production of the records." *Id.*, ¶105 (Fitzpatrick, J., concurring in part and dissenting in part). Judge Fitzpatrick argued that because no aspect of the delay claim necessitated a "judicial remedy or relief to the newspapers related to the production of the records[,]" there was no basis for an award of attorney fees. *Id.*, ¶106.

¶19    That position—which is essentially the DOJ's position in this case—was rejected by the *Blazel* majority, which feared that the dissent's approach "would have the effect of eliminating unreasonable delay as a cause of action for which relief may be granted." *Id.*, ¶44 n.14. The *Blazel* court observed that such a claim was, by definition, cognizable only after the records have been released. *Id.* According to the majority, the dissent's view of the law would read the "delay" portions of WIS. STAT. § 19.37 out of existence. *Blazel*, 407 Wis. 2d 472, ¶44 n.14.

¶20     The DOJ argues this could not possibly be a proper construction of *Blazel*'s holding, because such an understanding would improperly contravene *Capital Times*.   The dispositive issue in *Capital Times* was whether, when requested records were provided pre-litigation, the requesters may file an ordinary civil action seeking punitive damages.  *Capital Times*, 337 Wis. 2d 544, ¶2.  The court answered "no" because the plaintiff did not show any actual damages and did not use the mandamus procedure in WIS. STAT. § 19.37(1).  *Capital Times*, 337 Wis. 2d 544, ¶¶2, 6, 7, 9.

¶21     *Capital Times*, which involved a claim for punitive damages after records had been released pre-litigation, is not applicable here.  As set forth above, and contrary to the DOJ's assertions on appeal, the matter presently before us *is* a mandamus action, insofar as it sought the release of records to which WMC had been denied timely access.

¶22     WMC's complaint, too, was sufficient to state a claim for unreasonable delay.  As the amicus brief aptly sets out, the complaint alleged that an authority (the DOJ) withheld or delayed access (for at least 18 months) to a record (correspondence between the DOJ and an outside law firm) after a written request for disclosure had been made.  This, coupled with WMC's clear request for mandamus relief (which the DOJ conceded by its answer), were sufficient for WMC's delay claim to survive a motion to dismiss.

¶23     The DOJ requests a further opportunity to develop facts on the merits of the delay claim.  WMC does not oppose the request, and we agree it is appropriate.  The Public Records "Law affords authorities 'reasonable latitude in the time frame for their responses.'"  *Milwaukee Journal Sentinel v. City of Milwaukee*, 2012 WI 65, ¶56, 341 Wis. 2d 607, 815 N.W.2d 367 (citation

omitted).  A requester is not entitled to reasonable attorney fees, damages, or costs under WIS. STAT. § 19.37(2) on the ground of unlawful delay if the custodian acts with reasonable diligence.  *Journal Times*, 362 Wis. 2d 577, ¶57.

¶24  "[W]hat constitutes a reasonable time for a response by an authority depends on the nature of the request, the staff and other resources available to the authority to process the request, the extent of the request, and other related considerations."  *WIREdata, Inc. v. Village of Sussex*, 2008 WI 69, ¶56, 310 Wis. 2d 397, 751 N.W.2d 736 (internal quotation marks omitted).  "Accordingly, whether an authority is acting with reasonable diligence in a particular case will depend upon the totality of the circumstances surrounding the particular request."  *Id.*

¶25  We note the parties have partially stipulated to the issue of damages.  WMC has agreed that if it prevails on appeal, it will not seek more than $100 in statutory damages and costs and $1 in attorney fees on its delay claim.  Based on the foregoing, we reverse the judgment and remand for further proceedings consistent with this opinion.

*By the Court*.—Judgment reversed and cause remanded for further proceedings.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.